Terre Haute, Alton and St. Louis Railroad Co. v. Vanatta.

THE TERRE HAUTE, ALTON AND ST. LOUIS RAILROAD COMPANY, Plaintiff in Error, v. PETER VANATTA, Defendant in Error.

### ERROR TO MONTGOMERY.

A passenger in a railroad car, when asked for his fare, offered, without any explanation, a ticket which was void by reason of having a hole punched in it, and refusing to pay his fare, was ejected from the car, but without any aggravating circumstances, three or four miles from a station. Held :

1st. That attempting to use such a ticket, without explaining how he obtained it, was evidence of wrong on his part.

2nd. That the company had a right to put him off for non-payment of fare, at a regular station, but not elsewhere.

3rd. That his attempt to impose upon the railroad company, must mitigate the damages.

4th. That if he was attempting to use the ticket to ride from one station to another, he was only entitled to nominal damages.

5th. That no special injury being shown, a verdict for $1,000.00 was so excessive as to require that the judgment be set aside.

Courts will not, in cases sounding in damages, interfere with the verdict of a jury, unless the finding is so manifestly unjust, as to show partiality, prejudice, or misapprehension, on the part of the jury.

THIS was an action on the case commenced by Vanatta against the Railroad Company in the Montgomery Circuit Court, RICE, Judge, to recover damages for being put off a train. The evidence showed that when the conductor called upon Vanatta for his fare, he offered a lay-over ticket, with a hole punched in it, which was void by the regulations of the company, and as he refused to pay his fare, the conductor put him off the train, about three miles from a station. Vanatta made no resistance, and no violence or unnecessary force was used. It also appeared that the weather was cold, and that there was snow on the

ground.   There was a trial by a jury, and a verdict for Vanatta, plaintiff below, for $1,000.   The railroad company bring the case to this court by writ of error.

S. W. MOULTON, for Plaintiff in Error.

A. J. GALLAGER, for Defendant in Error.

WALKER, J.   In this case the parties only present the question, whether the damages found by the jury are excessive.   The defendant in error was put off of plaintiff's cars, three or four miles from a station, the weather at the time was cold, and the ground covered with snow.   When called on for his fare by the conductor, he offered a lay-over ticket with a hole punched in it, which by the usages of the road was void; without being punched it would have been good for his passage, but as it was, it appeared to have been used to the extent of the purpose for which it had been issued, and was cancelled.   It does not appear that at the time he offered it, nor at any subsequent time, or even on the trial, he gave any explanation of how he became possessed of it, or why he offered it instead of his fare.   Whether he had been imposed upon in purchasing it, had found it, or had used it on a former occasion, does not appear.   Having in his possession such a ticket, and attempting to use it as genuine, clearly required that he should have rebutted by proof, the presumption that he was attempting to use it improperly.   If he came fairly and honestly by the ticket and was not attempting to impose upon the company, he doubtless could have shown it by evidence.   But failing to do so, he must be presumed to have been in the wrong, and the company, if he were, had the undoubted right to put him off their train at a regular station. This was held to be the rule in the case of the *Chicago, Burlington and Quincy R. R. Co.* v. *Parks,* 18 Ill. R. 460.   This court in that case say, if a passenger refuse to pay the fare required by the tariff of the railroad company, he may be ejected from the cars at any regular station, but not elsewhere.   The defendant not having paid, or offered to pay his fare, was liable to be ejected from the cars at any regular station; but the company became liable for the injury they inflicted upon him, by putting him off at a different point on their road, notwithstanding his first wrong.   If he were guilty of attempting to impose upon the company, while they violated the law in the manner of ejecting him from their cars, his previous wrong must be held to mitigate the damages.   He would not under such circumstances be entitled to the same amount of damages as if wholly free from fault.   The company had the right to remove him from the cars,

but not at the point at which it was done. The evidence too, fails to show that the conductor's manner was offensive, or that he acted in any other than the kindest and most gentlemanly manner that could be adopted under the circumstances. No malice or wanton conduct is shown on the part of the conductor, nor does it appear that he attempted to expose the situation of the defendant in error, to the passengers, at the time he was ejected. Nor does it appear that there was any special injury or loss sustained beyond having to walk three or four miles. There is no evidence that it produced sickness, or that his business suffered in the slightest degree. If it was the object of the defendant to defraud the company by using this ticket to get from one station to another, he must clearly be entitled to no more than nominal damages.

Whilst, in all cases which sound in damages, courts seldom are called upon to review the finding of the damages assessed by a jury, and when called upon, rarely interfere to disturb their verdict, yet it is their duty, in cases where the finding is flagrantly wrong and excessive, to interpose. But as a rule they should never do so unless the finding is so grossly unjust and disproportioned as to make it manifest that the jury have acted under prejudice, partiality, or under a clear misapprehension of their duty, and the facts of the case. If courts had no such power, cases might occur in which the greatest wrong and injustice would be perpetrated. In this case we are unable to perceive any proportion between the injury inflicted and the damages assessed. Even if the defendant in error had been free from all suspicion of an attempt to impose upon the company, it seems to us, under the evidence in the case, that this verdict must strike any unprejudiced mind as grossly excessive. And for that reason we feel that it is our duty to interpose, and to reverse this judgment, and to remand the cause for further proceedings.

*Judgment reversed.*