## THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

## ALEXANDER ROBERTS.

40   503
23a   67
40   503
80a   588
40    503
e109a.²515

1. RAILROADS — *ejecting passengers for non-payment of fare, at a place other than a regular station — the rule as to damages.* When a passenger on a railroad refuses to pay his fare, he may be ejected from the cars at any regular station, but not elsewhere.

2. If a passenger is ejected for that cause, at any place other than a regular station, it is a violation of the statute, for which the road must pay at least nominal damages; but whether the recovery should be beyond that will depend upon the circumstances attending the expulsion.

3. Where the passenger wantonly refuses to pay his fare, simply insisting upon riding in the cars without paying for it, and is ejected by the conductor at a point two miles distant from a regular station, but in a manner free from indignity toward the passenger, who was subjected to no other injury or inconvenience by the expulsion than that of being obliged to walk to the station, which he could have avoided by paying his fare, he is not entitled to recover any thing beyond nominal damages; a recovery of a verdict against a railroad for $450, under such circumstances, was considered excessive, and a new trial was awarded for that cause.

APPEAL from the Circuit Court of Cook county; Hon. E. S. WILLIAMS, Judge, presiding.

This was an action in the case brought by the appellee in the court below against the appellant for ejecting him from the cars at a place other than a regular station. It appears that the appellee purchased a ticket to Bridgeport, getting on the cars at Chicago. The train stopped at Bridgeport, and the station was publicly called in the cars. Appellee did not get off. After leaving Bridgeport, the conductor asked him for his fare to the next station, called Summit, which the appellee refused to pay; whereupon he was ejected from the car, at a place about two miles from Summit, but without any indignity shown to him. No violence was used, and no injury or special damage proved on the trial. The case was tried by a jury, who awarded him $450 damages, and judgment was rendered by the court for that amount, whereupon the defendant appealed to this court.

Mr. A. W. Church, for the appellant.

Messrs. Lull & Atwood, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

In the case of the *Terre Haute, Alton & St. Louis R. R. Co.* v. *Vanatta*, 21 Ill. 188, this court said:

"When a passenger refuses to pay the fare required by the tariff of the railroad company, he may be ejected from the cars at any regular station, but not elsewhere. The defendant not having paid or offered to pay his fare, was liable to be ejected from the cars at any regular station; but the company became liable for the injury they inflicted upon him, by putting him off at a different point notwithstanding his first wrong. If he were guilty of attempting to impose upon the company, while they violated the law in the manner of ejecting him from their cars, his previous wrong must be held to mitigate the damages. He would not, under such circumstances, be entitled to the same amount of damages as if wholly free from fault. The company had the right to remove him from the cars, but not at the point it was done. The evidence, too, fails to show that the conductor's manner was offensive, or that he acted in any other than the kindest and most gentlemanly manner that could be adopted under the circumstances. No malice or wanton conduct is shown on the part of the conductor, nor does it appear that he attempted to expose the condition of the defendant in error to the other passengers at the time he was ejected, nor does it appear that there was any special injury or loss sustained, beyond having to walk three or four miles. There is no evidence that it produced sickness, or that his business suffered in the slightest degree. If it was the object of the defendant to defraud the company by using the ticket to get from one station to another, he mus clearly be entitled to no more than nominal damages."

This language is applicable to the present case and decisive of it. The inference is strong, from the facts proven in the case, that when the defendant in error bought his ticket to Bridgeport, it was with the intention of traveling upon it to Summit. But however that may have been, the evidence shows that opportunity was given him to leave the train at Bridgeport. The name of the station was plainly called in the car, in which there were very few passengers, and the train stopped. Besides, as the defendant in error lived in the immediate neighborhood, and had bought a ticket for Bridgeport, it is reasonable to presume that he knew it was the first station out from Chicago, and knew when the train arrived there independently of the call of the conductor. Having neglected to alight from the cars, it was his duty to pay his fare to the next station when called upon by the conductor. No reason appears why he should not have paid it. His refusal to do so was simply wanton and perverse. The conductor showed him no indignity. A fellow passenger offered him the money, which he refused to take. He evidently desired to go to Summit, as it appears he expected his team to meet him there. Under these circumstances, the conductor put him off the cars without injury or insult. This was a violation of the statute, for which the road must pay nominal damages, but what there is in this case to entitle the defendant in error to any thing further, we are wholly unable to discover. He suffered no injury from the expulsion. The only disagreeable consequence, was the necessity of walking two miles to Summit, which he could have avoided by paying the fare. If the defendant in error had been devoting himself to voluntary martyrdom for the sake of establishing a great principle, we could comprehend his conduct. But there was no principle involved. He was simply insisting upon riding on the cars without paying for it. While we are disposed to hold railway companies to full accountability for all actual damages wrongfully inflicted by them upon other persons, we are not disposed to encourage suits which seem brought with the view of speculating for a verdict upon the prejudices of juries against these

corporations, and to redress grievances that are purely imaginary. The judgment is reversed and cause remanded.

*Judgment reversed.*