# The Toledo, Peoria and Warsaw R. R. Co.

*v.*

# Wm. A. Patterson.

1. Railroads—*reasonable regulations.* A railroad company may require that passengers procure tickets before riding on freight trains, and conductors may expel from the cars, at regular stations, such as neglect to comply with the regulation.

2. Same. Action will lie and damages be awarded for putting off a passenger at other than a regular station.

3. Measure of damages. In such case, damages may be recovered for the actual injury or loss proven to have been sustained, being in the nature of compensation.

4. VINDICTIVE DAMAGES. If no circumstances of aggravation be shown, and no evil motive be imputed, then vindictive damages should not be given.

5. INSTRUCTIONS. In the absence of proof that injury and indignity have been inflicted, from which malice may be shown or inferred, it is error to instruct the jury upon the question of vindictive damages. Instructions must relate to evidence given, not to a presumed state of facts.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. BROWNING & BUSHNELL, for the appellant.

Mr. H. W. DRAPER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by the appellee against the railway company for expelling him from one of its freight trains.

On the 6th of June, 1870, at Ferris, a village of eight or ten houses, the appellee entered what is called the caboose car, attached to a freight train on the appellant's road, for the purpose of being carried a short distance. About a week or ten days prior to this time, the company had made a rule or regulation, forbidding the conductors of their freight trains to receive fare from passengers, or to carry on such trains any passenger who had not a ticket. A printed order of the company, forbidding the carrying of passengers without tickets on freight trains, was posted on the walls of the public room of Orr's hotel, where the ticket office of the company was kept, and tickets sold.

The company had no depot at Ferris, but used a platform in front of, and attached to, Orr's hotel, and extending thence to the railroad track, for receiving and discharging freight and passengers; and in one corner of the bar-room, which opened on to the platform, was a counter bannistered around, on which stood the ticket case where tickets were sold.

20—63D ILL.

Soon after the train left the station at Ferris, the conductor passed through the caboose to take up the tickets of the passengers. The appellee had none, but offered to pay his fare, which the conductor refused to accept, but immediately, when about half a mile west of the station, stopped the train and requested the appellee to get out, which he did. He then walked back to the station at Ferris, and thence home to Carthage, a distance of about five miles in all. This is all the actual injury sustained by the appellee as disclosed by the evidence, except, perhaps, the loss of another day at a subsequent time in going to Keokuk on the same business. The jury found a verdict for the plaintiff of $2100, for which the court rendered judgment.

The following instruction was given to the jury at the instance of appellee :

"The court further instructs the jury that if, from the evidence in this case, they should find a verdict for the plaintiff, in assessing plaintiff's damages, they are not confined to the actual damages which the plaintiff suffered by reason of being expelled from defendant's cars against his will, but the jury may take into consideration the annoyance, vexation and delay caused to the plaintiff by being so expelled, and also the indignity done him by so expelling him and exposing him to the ridicule of others."

The instruction was wrong in assuming that the appellee had suffered indignity and been exposed to ridicule. And this was not a case for vindictive damages. There were no circumstances of aggravation to make it such. The appellee's own account of the transaction is that, when he offered to pay his fare, the conductor replied that, under the orders of the company, he could not receive it; that it would cost him his situation to do so, and that the appellee must get off.

"The conductor treated me in a gentlemanly manner, except that he ordered me to get off; he was not rough or harsh about it."

If no circumstances of aggravation be shown, and no evil motive be imputed, then vindictive damages should not be given.

In *City of Chicago* v. *Martin*, 49 Ill. 245, this court recognized the doctrine, "that to authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy. The act complained of must partake of a criminal or wanton nature, else the amount sought to be recovered must be confined to compensation." And to the same effect, see *Hawk et al.* v. *Ridgway*, 33 Ill. 475 ; *Pierce* v. *Millay*, 45 ib. 189 ; Sedgwick on Meas. of Dam. 4th Ed. 522, 545, 664.

It was a wrongful act, in violation of the statute, for which the company is liable, to put the appellee out of the car elsewhere than at a regular station. *Ill. Cent. R. R. Co.* v. *Sutton*, 42 Ill. 439. But in doing so, there is no evidence showing malice on the part of the company or the conductor. The rule was a reasonable one, publicity had been given to it, and reasonable facilities were afforded for procuring tickets. The conductor, no doubt, was acting in good faith, without evil motive, in honest supposed obedience to a reasonable regulation of the company.

We will do no more than to refer to several cases of similar violations of this statute, where less objectionable judgments in this respect have been reversed because the damages were excessive. *The C. B. and Q. R. R. Co.* v. *Parks*, 18 Ill. 460 ; *Terre Haute, Alton and St. Louis R. R. Co.* v. *Vanalta*, 21 Ill. 188 ; *Chicago and Alton R. R. Co.* v. *Roberts*, 40 ib. 503 ; *C. and N. W. R. R. Co.* v. *Peacock*, 48 Ill. 254.

The instruction was erroneous, the damages were grossly excessive, and a new trial should have been granted.

The judgment is reversed and the cause remanded.

*Judgment reversed.*