## ELIAS WENGER

*v.*

## MARSHALL CALDER.

1. MEASURE OF DAMAGES—*malpractice.* In a suit against a surgeon for malpractice in treating an injury, the plaintiff is not entitled to recover anything on account of pain and suffering caused by the injury, but only for such additional pain and suffering as is produced by the negligence or want of skill of the defendant in the treatment.

2. INSTRUCTIONS—*erroneous, if not based upon evidence.* In an action against a surgeon for malpractice, where there is no evidence tending to prove wilful negligence, it is error to instruct the jury that they may find for the plaintiff in any amount they deem proper, under the evidence, if they believe, from the evidence, that the defendant was wilfully negligent.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Messrs. BLADES, KAY & EVANS, for the appellant.

Messrs. BARNES & MUIR, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought against the defendant for alleged malpractice, as a physician and surgeon, in the treatment of a dislocation of the elbow of the plaintiff. The plaintiff recovered a verdict and judgment for $1500 damages.

The court below gave to the jury this instruction, on behalf of the plaintiff:

"13. The rule of damages in this case, if you find for the plaintiff, is the pain and suffering undergone by the plaintiff, and any permanent injury to the arm shown by the evidence, and consequent pecuniary loss, for life, after the time of the plaintiff's coming of age."

This instruction was palpably erroneous. The injury which the plaintiff originally received to his elbow, was not produced by any agency or fault of the defendant, and there is no reason why he should be held to pay for the pain and suffering caused thereby. If there were any additional pain and suffering which the plaintiff underwent, because of the want of reasonable care and skill in the treatment, that might have been considered by the jury in assessing damages—nothing more. And there should have been the same limitation in the respect of any permanent injury to the arm.

Several other of the instructions for plaintiff are liable to the same objection.

This instruction was given for the plaintiff:

"14. If you believe, from the evidence, that the defendant, as surgeon, treated the arm of the plaintiff, and failed to use reasonable care and skill in so treating it, and if you belive, from the evidence, that the defendant was wilfully negligent in failing to use reasonable care and skill in treating the arm, then you may find for the plaintiff any sum you deem proper, under the evidence, not exceeding $10,000."

There was no evidence tending to prove that the defendant was wilfully negligent. The instruction was, in this respect, wholly irrelevant, and calculated to mislead the jury, and erroneous. The same objection lies to the seventh instruction.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*