CHICAGO AND NORTHWESTERN RAILWAY CO.

*v.*

ROBERT B. CHISHOLM, JR.

1. MEMBER OF A FAMILY—*definition.* A son or daughter residing with the father does not cease to be a member of his family when he or she arrives at the age of twenty-one or eighteen, respectively, by reason of that fact alone.

2. SAME—*railroad ticket.* A railroad ticket which, on its face, purports to be for the exclusive use of a man and family, authorizes a son, who is residing with the father as a member of his family, to ride upon the road, notwithstanding he may be over twenty-one years of age.

3. Although a railroad ticket issued to a man for the use of himself and family may, on its face, be such as would authorize a son over twenty-one years old to ride on it, yet if, when it was purchased, the purchaser was informed that a son over twenty-one would not, under the regulations of the company, be permitted to ride on it, such regulation would form a part of the contract of purchase, and would be obligatory upon the holder of the ticket, or any person who attempted to ride upon it.

4. EVIDENCE—*published schedules of regulations not evidence unless notice is brought home to the party to be affected.* Where a man who was over twenty-one years old, but a member of his father's family, attempted to ride on a railroad on a ticket issued for the exclusive use of his father and his family, and was ejected from the car on the ground that he was not entitled to ride on the ticket, and brought suit against the company,

it was *held*, that evidence that certain schedules were printed and furnished to the public by the company, with such tickets, which showed the rules and regulations under which they were sold, was improper.

5. It would, however, be competent, in such case, to show that such schedule was furnished to the purchaser of the ticket at the time he purchased it.

6. Measure of damages — *ejecting passengers from railroad car.* Where a party is forcibly and unlawfully ejected from a railroad car, in the presence of the other passengers, and the conductor publicly announces, as his reason for so doing, that he refused to pay his fare, a jury may properly find from such facts that the party thus ejected suffered feelings of shame and humiliation, without any other proof on that subject.

7. Where a party who is rightfully on a railroad car, and has paid his fare, is unlawfully expelled therefrom, he is entitled to recover more than nominal damages, even though he sustains no pecuniary loss or actual injury to his person.

8. Instructions. In an action against a railroad company for unlawfully ejecting a passenger from its train, it is error to tell the jury that it is their duty to assess damages if they believe certain facts. Whether a plaintiff has sustained damage, and if so how much, is a question to be determined by the jury, and it is proper for the court to instruct them, that if they believe certain facts they may, or they are at liberty to, assess damages, but not that it is their duty to do so.

9. Excessive damages. Where a party was ejected from a railroad car unlawfully, and suffered no personal injury, was delayed only one day in reaching home, and his pecuniary loss did not exceed $10, a verdict for $1000 was excessive.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

Mr. B. C. Cook, for the appellant.

Mr. John Van Arman, and Mr. Alfred H. Gordon, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of trespass on the case, brought by appellee against The Chicago and Northwestern Railway Company, to recover damages on account of a wrongful expulsion

from one of the trains of the company, while traveling from Chicago to Elgin, on the company's road.

A trial of the cause before a jury resulted in a verdict and judgment in favor of appellee, for $1000—to reverse which the railroad company has brought this appeal.

The grounds relied upon by appellant to reverse the judgment are. that the court erred in the exclusion of certain evidence offered by appellant; that appellee's fourth instruction was wrong; and that the damages are excessive.

On the 10th day of July, 1872, Robert B. Chisholm, Sr., the father of appellee, purchased of appellant a family commutation ticket, good for thirty rides on the company's road from Chicago to Elgin. The ticket stated, on its face, that it was good for thirty fares between Chicago and Elgin, on any trains stopping at those stations, subject to the conditions printed on the other side of the ticket, and that it would expire November 10, 1872. The conditions printed on the back of the ticket were as follows: "Mr. Robert B. Chisholm; for the exclusive use of himself and family, and will be forfeited, together with the privilege of future commutation, if used or offered to conductor by any other person. It is good for four months only, from date, and no stop-over check will be given."

On the evening of August 30, 1872, appellee, who, at the time, resided with his father, Robert B. Chisholm, Sr., at Elgin, as a member of his family, although over twenty-one years old, entered one of the company's passenger trains at Chicago, for the purpose of going to Elgin. When the conductor called upon appellee for his fare, the ticket was offered in payment, but refused, solely on the ground appellee was not entitled to ride upon the ticket, as he was more than twenty-one years old. Appellee, refusing to pay fare in money, was forcibly expelled from the cars at a station on the road. Appellee received no personal injuries in being expelled from the cars, nor does it appear that he was harshly treated, or

that any more force was used than was necessary to put him off the train.

It is clear, from the evidence, that, at the time of the occurrence, appellee was residing with his father, and was, and always had been, in fact, a member of his family.

A son or a daughter of a parent, residing with the parent, does not cease to be a member of the family when they respectively arrive at the age of twenty-one or eighteen, from that fact alone.

Webster defines a family thus: "The collective body of persons who live in one house, and under one head or manager." "A household, including parents, children, servants, and, as the case may be, lodgers or boarders." "Those who descend from one common progenitor—a tribe or race."

There seems to be, therefore, no foundation for saying, that because a son arrives at an arbitrary age, called twenty-one, he, although still residing with his father, and receiving his support, and under his father's control, would not be regarded as a member of the family.

We apprehend there can be no doubt but appellee was entitled to ride upon the ticket, unless there was a rule or regulation of the company, at the time the ticket was purchased, which was known to the purchaser at the time he bought the ticket, under which appellee would be excluded from using the ticket as a member of his father's family.

While the ticket, upon its face, would be sufficiently comprehensive to include appellee as a member of his father's family, who had a right to ride upon the ticket, yet if, when it was purchased, the company had a rule in regard to that character of tickets which excluded appellee, and when appellee's father purchased the ticket he was informed of that fact, the rule or regulation would thus become a part of the contract under which the ticket was purchased, and hence would be obligatory upon the holder of the ticket, or any person who attempted to ride upon it.

It is insisted by the counsel of appellant, that, on the trial, proof was offered to establish the fact that Chisholm was notified, when he purchased the ticket, that male children over twenty-one years were excluded from riding upon it, and the court refused to allow the evidence to go to the jury, and this is relied upon as error.

Had appellant offered to show that Chisholm was notified of the regulation at the time the ticket was bought, we are of opinion such evidence would be proper. But we do not understand that it was proposed to make that character of proof.

Appellant offered to prove, by one Hayes, that certain schedules were printed and furnished to the public with the thirty-ride tickets, which showed the rules and conditions under which the tickets were sold. This the court excluded, but, at the same time, offered to allow appellant to show that a schedule, showing the regulations, was furnished with the ticket in question when it was purchased.

The fact that certain schedules were furnished the public, could not affect the contract made between Chisholm and the railroad company ; and to be obligatory upon him, as held by the court, the proof ought to show a schedule furnished by the company to the purchaser of the ticket. The appellant offered to show, by one Hathaway, that, at some time or other prior to the purchase of the ticket, he had informed Chisholm of the rules under which the thirty-ride tickets were issued. The court inquired how long prior to the sale of the ticket. The counsel could not fix the time, but remarked, several months.

The offered evidence was entirely too uncertain and indefinite to be allowed to go to the jury. We are inclined to hold, that, in order to make the rule obligatory upon Chisholm, it was the duty of the company, at the time the ticket was sold, to notify him of the rule. If, after being so notified, he purchased a ticket, the rule would become a part of the contract

between him and the company. We, therefore, perceive no error of the court in the exclusion of the offered evidence.

The next question presented. involves the consideration of appellee's fourth instruction, which was as follows :

"If the jury shall, under the evidence, find the defendant guilty of the trespass charged against it, then, in assessing plaintiff's damages, the jury are at liberty, and it is their duty, not only to assess the damages at such a sum as to compensate the plaintiff for such pecuniary injury as he has suffered. in consequence of such trespass, if the jury believe, from the evidence, that the plaintiff has suffered any pecuniary injury, but also to compensate him for the feelings of shame or humiliation which plaintiff endured, in consequence of being thus put off and expelled from a public conveyance, provided the jury shall believe, from the evidence, that plaintiff in fact did endure and experience such feelings of shame and humiliation in consequence of such treatment at the hands of defendant."

Two objections are urged to the instruction :

*First*—That there was no evidence tending to prove any shame or humiliation suffered by appellee.

*Second*—That the rule of law in relation to damages is not correctly stated—that appellee could only recover for the pecuniary injury sustained.

In regard to the first objection, it will be observed that appellee was expelled from the train by force, in the presence of a large number of people, friends and acquaintances, as well as strangers. The cause of the expulsion, as publicly announced by the conductor, was, for the refusal of appellee to pay fare on the train.

The occurrence of these various things might be well calculated to injure and degrade appellee in the opinion of those who were present, nor are we prepared to say the jury might not properly find, from such facts, that appellee endured feelings of shame and humiliation.

But, in the case of *Chicago and Alton Railroad Co.* v. *Flagg*, 43 Ill. 364, where the circumstances attending the expulsion were far less aggravating than here, and where but few, if any, persons were present, and no force was used, but the passenger left the train on the mere order of the conductor, for the reason he had not procured a ticket, and the conductor was forbidden to carry passengers on a freight train without tickets, it was held proper for the jury to consider not only the annoyance, vexation, delay and risk to which the passenger was subjected, but also the indignity done to him by the mere fact of expulsion.

We can not, therefore, regard the first objection made to the instruction as tenable.

In support of the second objection to the instruction, we have been referred to the following cases : *Chicago, Burlington and Quincy Railroad Co.* v. *Parks*, 18 Ill. 460 ; *Terre Haute, Alton and St. Louis Railroad Co.* v. *Vanatta*, 21 Ill. 188 ; *Chicago and Alton Railroad Co.* v. *Roberts*, 40 Ill. 503 ; *Chicago and Northwestern Railway Co.* v. *Peacock*, 48 Ill. 254.

Upon an examination of these cases, it will be found that a very material difference exists between the facts upon which the decisions are rendered and the facts in the case under consideration. In all these cases the plaintiffs themselves were in the wrong. In the *Parks case* the plaintiff was put off the train for a refusal to pay the amount of fare that was due, and hence was in the wrong; but it was held he could recover nominal damages, because he was not put off at a station. The same were the facts, in substance, in the *Vanatta case*. In the *Roberts case*, the plaintiff was expelled for a refusal to pay fare ; it was held he was in the wrong, but could recover nominal damages, because not put off at a station. The same facts existed in the *Peacock case*, and the rule was the same.

Reference has also been made to the case of *The Toledo, Peoria and Warsaw Railroad Co.* v. *Patterson*, 63 Ill. 304, but, upon examination, it will be found that there the plaintiff took passage on a freight train without a ticket, when he had

the opportunity to procure one, but had neglected to do so, and, under the rules and regulations of the company, the conductor was not allowed to carry passengers without a ticket, so that the plaintiff was in fault, and liable to be discharged from the train; but, as in the other cases, as he was not put off at a station, it was held he could recover nominal damages.

But in this case, appellee was rightfully on the train. and his fare had been paid, and the act of expulsion was unlawful in itself.    And what was said in the case of *The Chicago and Alton Railroad Co.* v. *Flagg, supra,* applies with great force here.    There, it was said: "It is urged, that the court erred in refusing the defendant's seventh instruction, which was. in substance, that even if the plaintiff was wrongfully put off the train, yet if the conductor acted in good faith and without violence, the jury could only give such actual damages as the plaintiff sustained, or if he sustained none. then only nominal damages.    It is unnecessary to add to what we have already said on this subject.    In a case of this character, where the plaintiff was without fault, the jury had a right to give more than nominal damages, even though no pecuniary loss or actual injury to the plaintiff's person was proven."

The same distinction seems to have been recognized in the *Vanatta case,* where this language is used:   "If the plaintiff were guilty of attempting to impose upon the company, while they violated the law in the manner of ejecting him from the cars, his previous wrong must be held to mitigate the damages.    He would not, under such circumstances, be entitled to the same amount of damages as if wholly free from fault."

In view, therefore, of the rule, as announced in the cases last cited. we can not hold the instruction liable to the objection taken by appellant.

But a majority of the court are of opinion that the instruction is liable to one serious objection.    The jury were told, if they find certain facts to exist, they were at liberty, and it was their duty, to assess damages.    It was the province of

the jury to determine whether the plaintiff had been damaged, and the amount. and in the discharge of this duty they should have been left free and untrammelled.

It was proper for the court to say, in the instruction, that they may, might or were at liberty to assess·damages ; but when the court went one step further. and said it was their duty, this was a clear invasion upon the rights possessed by the jury, which we can not sanction.

It is also urged, the damages are excessive. In this we think the appellant is correct. Appellee does not claim to have received any personal injuries in being removed from the train. He was delayed one day in reaching his home, and the expenses incurred were trifling in amount—the entire pecuniary damage did not exceed in amount $10.

In this class of actions, sounding in damages, courts rarely interfere with the finding ; but where it is apparent the jury have acted under a misapprehension of their duty and the facts of the case, it is not only proper but is the duty of the court to interfere. *Terre Haute, Alton and St. Louis Railroad Co.* v. *Vanatta, supra.*

We are satisfied that there is no just proportion between the damages sustained and the verdict rendered, and that justice demands that the facts should be submitted to another jury.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*