## HOBBS v. TEXAS & PACIFIC RY. CO.

1. RAILROAD COMPANIES: *Rule against riding on freight trains.*

Where it is a published rule of a railroad company that passengers are forbidden to ride on through freight trains, the fact that the rule has often been violated does not deprive the company of the right to begin its enforcement whenever it may deem it proper to do so; and one who boards a freight train, which has no appearance of being held out for the accommodation of passengers, may be ejected from it by the conductor.

2. SAME: *Ejection of passengers : Statutory restriction.*

A person who, in violation of the published rules of a railroad company, attempts to ride on its freight trains, may be ejected at a place other than a station. The statutory restriction upon the right of railroad companies to put persons off their trains (*Mansf. Dig., sec. 5474*), is confined to the instance of a passenger who refuses to pay his fare.

APPEAL from *Miller* Circuit Court.

A. B. WILLIAMS, Judge.

*L. A. Byrne* for appellant.

1. No rule or regulation of a railroad company is binding on the public unless observed and enforced by the company. Where a regulation is notoriously violated every day so that the public is taught to act as though no such rule existed, they have a right to presume that such a rule has been dispensed with. Where such a rule is made the railroad must see that their servants observe it, or make some effort to enforce it. *11 A. & E. R. Cases, 193; 48 Ark., 348.*

It was improper to eject appellant at a place other than a usual stopping place or station. This court will presume that such is the law of Texas. *45 Ark., 527; 52 Tex., 112.*

*Dodge & Johnson* for appellee.

It being a rule of the company, properly posted and advertised, that passengers would not be allowed to ride on through freight trains, the conductor had a right to eject Hobbs. *47 Ark., 79; 49 Tex., 31; 57 N. Y., 382; 45 Ark., 263; 24 Cent. Law. Jour., 219.*

Conductors have no power to change these regulations. *3 A. & E. R. Cas., 342–3; 12 id., 142; 60 Ind., 12; 53 Ill., 510; 78 Mo., 610.* The action of the conductor cannot alter these

rules, nor had he a right to violate them, and having done so at other times was no justification to plaintiff.

There was no proof as to what the law of Texas was, as to putting persons off at places other than stations, nor that there was any such law.

COCKRILL, C. J. It was a published rule of the Texas & Pacific Railway Company that passengers were forbidden to ride on through freight trains. The same rule forbade conductors from receiving or carrying them on such trains. Hobbs, the appellant, boarded one of the company's through freight trains as it stood in the company's yard, where it it was made up, at Texarkana. He was not observed by the conductor until the train had gone six or eight miles on its journey, when the train was stopped in the neighborhood of a way station, and Hobbs got off at the command of the conductor, after tendering his fare for a ride to his destination. This action was instituted to recover for the ejection.

On the trial there was testimony tending to prove that Hobbs and others had been in the habit of riding on through freight trains on this road, including the one in question, as passengers, without objection from any quarter; and Hobbs requested the court to charge the jury that if they should find that to be the true state of the case, he had the right to presume the regulation against carrying passengers was not in force, and that upon the tender of the usual fare to the conductor he should have been carried to his destination. The court refused these prayers for instructions; there was a verdict for the company; Hobbs appeals and urges that the court erred in charging the jury otherwise than as requested by him.

The appellant does not contest the right of the company to enforce a regulation against the carriage of passengers on freight trains. As it is a salutary rule for the public as well as the company, the right of the latter to enforce such a

regulation must be conceded. *R. R. Co. v. Rosenberry, 45 Ark., 263; R. R. Co. v. Atchison, 47 Ark., 79.*

If the company's freight trains had been habitually carrying passengers, in spite of the regulations to the contrary, and the conductor on the occasion in question had accepted fare from Hobbs for his intended ride, the relation of passenger and carrier would doubtless have been established with all the incidents that attend that relation. But the fact that the regulation had been violated, however great the extent of its violation, did not deprive the company of the right to begin the enforcement of it whenever it was deemed fit. Whatever may have been the custom of the company as to carrying passengers on its through freight trains before this time, on the occasion in question the train had no appearance of being held out for the accommodation of passengers. It had no passenger coach attached, and was not found by Hobbs at a depot or other place where the presence of passengers could be anticipated. These facts of themselves were sufficient to bring notice home to Hobbs that the train was not intended for his accommodation. Where there is a division of the freight and passenger business of a railroad, the common presumption is that a person found on a freight train is not legally a passenger; and if he claims that he is, it devolves upon him to show a state of case that will rebut the presumption. *Eaton v. R. R. Co., 57 N. Y., 382; Railway Co. v. Moore, 49 Tex., 47.*

That was not done by Hobbs in this case. He entered the train under the circumstances detailed above, without the knowledge of the conductor and without the consent of an agent of the company authorized to grant him that privilege; and having thus intruded himself into the train, it was lawful to eject him.

It is argued that it was unlawful to eject the appellant at a place other than a station. The point at which he was put off is shown to be in the State of Texas. In the absence of a

statute restricting the right, the company might have put him off lawfully, without reference to stations. *R. R. Co. v. Branch, 45 Ark., 524.*

It was not proved what the law of Texas is in that respect, but if we could yield to the appellant's argument that the presumption is that it is the same as our own, he could not profit by it. Our statutory restriction upon the company's right to put persons off their trains, is confined to the single instance of a passenger who refuses to pay fare. *Mansf. Dig., sec. 5474.* Beyond this the common law right is not impaired. The appellant was not put off for the non-payment of fare. His ejection was lawful.

Let the judgment be affirmed.