## Louisville, N. A. & C. Ry. Co. v. John Wurl.

1. PLEADING—*Amended Counts.*—Where the plaintiff, in an action for a personal injury, files an amendment to his declaration, after the time for commencing the action has expired, if the cause of action declared upon in the amended counts is identical with that stated in the

original declaration, a demurrer to a plea of the statute of limitations is properly sustained.

2. DAMAGES—*Exemplary, When Authorized.*—To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy. The act complained of must partake of a criminal or wanton nature, else the amount sought to be recovered must be confined to compensation.

3. NEGLIGENCE—*Wantonness or Intentional Wrong.*—The degree of negligence is a matter of proof and not of averment, necessarily, but wantonness or intentional wrong is not to be legally classed with any degree of mere negligence.

4. CONTRIBUTORY NEGLIGENCE—*When a Defense.*—Where an action is founded on negligence of any degree, contributory negligence is a defense; but it is not where the injury is willful; intentional wrong, as a ground of action, is not involved in a case counting for mere negligence.

5. WANTONNESS — *To be Specially Averred.* — The question as to whether a defendant has been guilty of a wanton, willful or intentional wrong, is not, under pleadings containing no proper averments, an issue before the jury.

6. WILLFULNESS—*What is not Evidence of.*—In an action for personal injuries, the fact that the train was running at a greater rate of speed than allowed by the ordinances is not evidence of willfulness, and neither is the fact that the train was, in violation of the rules of the company, running past a station at which a suburban train was stopping for passengers.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed February 11, 1896.

G. W. & J. T. KRETZINGER, attorneys for appellant.

RITCHIE, ESHER & WOOLLEY, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was begun April 7, 1892, to recover damages for a personal injury received by appellee by being struck by a locomotive of appellant, on December 18, 1891, while in the act of walking across the track of the appellant at the crossing of Garfield boulevard, a public highway, in order to get on board a "dummy" or suburban train, operated by the Chicago & Eastern Illinois Railroad Company, upon ad-

jacent tracks, while he occupied the relation of a passenger to the latter company.

The original declaration was filed April 21, 1892, and consisted of but one count.

On March 31, 1894, more than two years after the alleged injury, appellee filed an amended declaration containing three counts.

The case was tried under the counts of the amended declaration and resulted in a verdict of $5,000, upon which judgment was entered, and this appeal is from such judgment.

The first ground urged for a reversal is that it was error to sustain the demurrer of appellee to appellant's pleas of the statute of limitations.

The gist of the action was the injury to the appellee through the negligence of appellant. Both the original and amended declarations declared upon that negligence, although stating it differently. It was not necessary to allege in the amended declaration the same state of facts, or the same character in which the appellee was acting at the time of the negligence, and consequent injury, as was alleged in the original declaration, in order to state the same cause of action. The negligence, if any, was the same in kind, though not in degree, whether the appellee was a passenger on appellant's road, as stated in the original declaration, or was a mere passer on a highway, over the tracks of appellant, in order to board the train of another railway company to which he sustained the relation of passenger. So long as the plaintiff (appellee) complains of the same injury suffered by the fault of the defendant (appellant), the identity of the cause of action remains, whatever variety the plaintiff may introduce into his description of the manner in which the injury was inflicted.

The demurrer to appellant's pleas of the statute of limitations was properly sustained.

It would seem from the evidence that the appellee had a good cause of action against the appellant, but the damages recovered were large in view of the apparent extent of in-

jury received, and we can not avoid the conclusion that they were to a material extent produced by an instruction given in behalf of appellee on the subject of punitive damages, as follows:

Sixth.   "The court instructs the jury that if the jury find the defendant guilty, and that the plaintiff has been damaged, then if the jury believe from the evidence that the negligence of defendant or its servants was so gross as to show a wanton and reckless disregard of the plaintiff's rights, the jury may in their sound discretion award the plaintiff, in addition to the actual damages sustained, further punitive or exemplary damages by way of punishment."

"To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness, must mingle in the controversy.   The act complained of must partake of a criminal or wanton nature, else the amount sought to be recovered must be confined to compensation."   Chicago v. Martin, 49 Ill. 243, quoted approvingly in T., P. & W. R. R. Co. v. Patterson, 63 Ill. 304.

There was not in any count an averment of wanton or willful negligence by the appellant, and as said in East St. L. Con. Ry. Co. v. Jenks, 54 Ill. App. 91:

"While the degree of negligence is a matter of proof and not of averment, necessarily, yet, wantonness or intentional wrong is not legally classed with any degree of mere negligence.   *   *   *

"Where the action is founded on negligence of any degree, contributory negligence is a defense.   It is not, where the injury is willful.   Intentional wrong as a ground of action is not involved in a case counting for mere negligence."

The question of whether the appellant had been guilty of a wanton, willful, or intentional wrong to the appellee, was not, under the pleadings, an issue before the jury, and there was not in the evidence proof of any facts which, if there had been a proper averment, would have amounted in law to evidence that the injury done appellee was willful or wanton.   Collins v. Waters, 54 Ill. 485; T., P. & W. R. Co. v. Patterson, 63 Ill. 304; Wenger v. Calder, 78 Ill. 275.

The fact, if it were such, that appellant's locomotive was running at a greater rate of speed than allowed by the city ordinance, was not evidence of willfulness. Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

And so, we think, the same may be said of the fact, if it were such, that the locomotive that struck appellee was, in violation of appellant's rules, run past the suburban train while it was stopping at the station to receive passengers.

It is urged by the appellee that because the appellant asked an instruction that was given, in which the jury were told that if the appellee were himself negligent, "then the defendant could not be found guilty in this case unless you further believe that the defendant or its servants were guilty of gross negligence in the operation of the train which caused the accident, and in this connection you are instructed that gross negligence means a willful act or omission of duty, or an act which shows a reckless disregard of life or property;" and because appellant asked another instruction that was refused, to the effect that if appellee failed to look, etc., "then he was guilty of such negligence as precludes a recovery in this case unless you further believe from the evidence that the defendant was guilty of gross and reckless negligence and operated its trains in a willful and wanton manner;" appellant having thus assisted in inducing the court to put the question of wantonness, or willfulness, before the jury, he is precluded from now complaining of appellee's instruction based on a similar theory of the tendency of the evidence.

But we think not. It was an entirely different thing to tell the jury, as was done by appellee's sixth instruction, that punitive or exemplary damages might be given without reference to any other theory of the case, from instructing them that no damages could be given under a given state of facts. The last was correct, and the first was erroneous.

We think there was no error in refusing the appellant's fifth instruction. It singled out a single circumstance as

evidence, for the jury to consider, of lack of care by the appellee, and was properly refused. For the error in giving the sixth instruction in behalf of appellee, relating to exemplary damages, the judgment will be reversed and the cause remanded.