## McCook v. Northup.

### Opinion delivered April 16, 1898.

65  235
73  552
76   13

1.  CARRIER—RULE REQUIRING TICKET—REASONABLENESS.—A rule of a railroad company forbidding freight conductors to permit passengers to ride on their trains from ticket stations without having provided themselves with tickets is reasonable. (Page 227.)

2.  SAME—RIGHT TO EXPEL PASSENGER.—Under Sand. & H. Dig., § 6192, providing that if any passenger shall refuse to pay his fare, it shall be lawful to put him out of the cars at any usual stopping place the conductor may select, neglect of a passenger to procure a ticket before entering a freight train, when required by a rule of the company, amounts to a refusal to pay fare, and justifies an expulsion only at regular stations. (Page 227.)

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

L. F. Parker and B. R. Davidson, for appellant.

A railway company has a right to make a rule requiring passengers to purchase tickets before entering freight trains;

15

and if any one, having notice of such rule, nevertheless enters a freight train without procuring a ticket, he is not a passenger, and not entitled to be treated as such.   11 Ohio St. 457; 1 Am. & Eng. R. Cas. 278; 2 *ib*. 278; 55 Ind. 369; 77 Ind. 507; 59 Ill. 110; 63 Ill. 304; 27 Md. 277.   The conductor had a right to expel the passenger, if he had notice of the rule, and failed to purchase a ticket.   34 Am. & Eng. R. Cas. 256, 264, note.   The rule was reasonable, and should have been so declared, as asked by defendant's instructions.   52 Ark. 406–410; 49 Ark. 357; 55 Ark. 134–138.   The counsel for appellee used improper language in his concluding argument.   26 S. W. 998; 26 S. W. 307; 85 Tex. 205; 69 Fed. 530; 56 Fed. 994–1000; 10 Ga. 522; 29 Atl. 777; 66 Me. 564; 72 Tex. 643–53; 41 N. H. 317.

BUNN, C. J.   This is a suit for $1,000 damages for being ejected from defendant's local freight train.   Verdict for $50, and defendant appeals.

The evidence shows that plaintiff, residing in the town of Van Buren, on the 1st day of February, 1896, in response to a business telegraphic message, boarded the caboose of the local freight train of the St. Louis & San Francisco Railroad, managed and controlled at the time by defendant, as receiver, and his servants and employees, at the depot in Van Buren, en route to Fort Smith; that, having gone but a short distance, the conductor demanded his ticket, but, having no ticket, the plaintiff offered to pay his fare in cash, which the conductor, acting under the rules, refused to take, and ejected plaintiff from said train.

The plaintiff's testimony tends to show that he was ignorant of the rules of the company regarding the procurement of tickets, and of the want of authority in the conductor to take cash fare from one getting on at a ticket station such as Van Buren was; and also that he was expelled from the coach in a rough and rude manner, the conductor using towards him at the time profane and insulting language; and that he suffered physically thereafter on account of his expulsion, etc.

The evidence on the part of the defendant tended to show that plaintiff approached the conductor on the arrival of his

train at the Van Buren depot, and, in answer to inquiries, ascertained from him that his was a local freight train, that it carried passengers, that plaintiff would have to get a ticket from the depot agent, that the conductor was not allowed to take fare under the circumstances; and that, after being so informed, the plaintiff had seven minutes in which to procure his ticket before the train would move out; that when he demanded a ticket of plaintiff after he had boarded the caboose, and the train had gone as far as the foot of the bridge—a short distance—and the plaintiff failed to produce his ticket, he told him he would have to get off, as he (the conductor) had to obey the rules; that the Cannon Ball train would be along in a few minutes, and would overtake and pass them before reaching Fort Smith (which it did), and he could go back to the depot, get his ticket, and board that train; that plaintiff got off, and went back to the depot accordingly, and was not ejected at all, except in that way, and that no force was used, and no profane and rough language was used on the occasion.

The defendant also introduced in evidence the following rule of the defendant, referred to in the conductor's testimony, to-wit: "No. 79. Freight conductors are strictly forbidden to permit passengers to ride on their trains from ticket stations who have not provided themselves with tickets. From persons getting on freight trains, that are allowed to carry passengers, at non-ticket stations, and without proper transportation, conductor will collect fare to first ticket station only, notifying passenger that he must provide himself a ticket at such station to destination. This rule is imperative." It was also shown in testimony on part of defendant that this rule was kept posted up at the proper place in the depot, and that plaintiff was informed of it by the conductor before he boarded the train.

In the progress of the trial, defendant asked the court to declare that the above rule was reasonable, and a rule the operator of the road had a right to make, which the court refused to do. This request was made in two other forms, but refused in each, and the defendant reserved exceptions. The rule is but a reasonable one, and the duty of the court was to so declare.

Whether a failure on the part of a passenger to exhibit his ticket under such circumstances will authorize his expulsion, or not, is a question somewhat difficult of solution, owing to the peculiar statutes on the subject. In the case of regular passenger trains, a passenger cannot be expelled for not presenting a ticket, if he offers to pay cash fare; nor can he be expelled at another place than a usual stopping place, for refusing to pay fare. However, in *Hobbs* v. *Texas & Pac. R. Co.,* 49 Ark. 357, this court said: "Our statutory restrictions upon the company's right to put persons off their trains is confined to the single instance of a passenger who refuses to pay fare. [Citing the statute.] Beyond this the common-law right is not impaired. The appellant was not put off for non-payment of fare." In that case the company's right to expel a passenger was sustained because the company's rule forbade passengers from riding on such trains, and therefore because the plaintiff was violating the rule of the company in riding on the train at all. In the case at bar, the rule did not, and could not lawfully, forbid the plaintiff from riding on this local freight; and the sole difficulty in the way was whether, failing to produce a ticket, as the rule required, he could be expelled as one in violation of the lawful rate, or was his failure to procure and present a ticket to be regarded as a refusal to pay fare, and he thus be immuned from expulsion.

Under a statute of Illinois, identical in language with ours, in the case of the *C. B. & Q. R. Co.* v. *Parks,* 18 Ill. 460, the supreme court of that state said: "It is objected, first, that the company had the right to remove persons from the cars who refused to pay their fare, before the passage of this law; and as this statute does not in terms prohibit the putting out of such a person at any convenient and safe place other than a usual stopping place, the right which is claimed formerly to have existed, to put the passenger out at any other than a usual stopping place, still remains unimpaired by the act. This we do not think a sound construction of the act. It was the evident intention of the legislature to regulate the subject of which the section treats, without reference to the question whether it abridges or enlarges existing rights"—citing *Terre Haute & St. Louis R. Co.* v. *Vanatta,* 21 Ill. 188.

In the case of the *Illinois Central Railroad Company* v. *Whittemore*, 43 Ill. 420, that court said: "But a railroad company may expel a passenger from its train, at a place other than a regular station, for the violation of any reasonable rule other than that of non-payment of fare,"—just what was said in *Hobbs* v. *Texas Pac. R. Company, supra*, by this court; and yet, in the same case last quoted from, the Illinois supreme court also said: "The statute forbids the expulsion of a passenger at a place other than a regular station (meaning 'usual place' as designated in the statute) only in case of a refusal to pay fare. And neglect by a passenger to purchase a ticket before entering the train, when required by the rule of the company, in substance amounts to a refusal to pay fare, and justifies an expulsion only at a regular station (usual stopping place.)" This doctrine on the subject appears to be the best that can be offered under the circumstances.

Since the particular question whether or not the plaintiff was, as a matter of fact, in the legal sense, put off at a place other than a usual stopping place, is not presented for consideration in this case, we refrain from any discussion of the same, as we do from a discussion of what is proper notice of a rule such as appears in evidence.

For the error of the court in refusing to declare the rule of the company reasonable and lawful, the judgment is reversed, and the cause remanded for a new trial.