**STATE, ex rel. WARNER, Plaintiff-Appellant, v. McGRATH et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2165.   Decided November 16, 1951.

A. K. Meck, Dayton, for plaintiff-appellant.
Joseph N. McGrath, Dayton, for defendant-appellees.

**OPINION**

By MILLER, J:

This is a law appeal from the judgment of the Court of Common Pleas denying the plaintiff's motion to revive a deficiency judgment resulting from the foreclosure of a mortgage on real property which was rendered on December 2, 1935.

The question presented is whether the defendant is entitled to the benefits of §11663-1 GC, which section in part provides:

"Limitation of enforcement of deficiency judgments; waiver; pending actions: Any judgment for money rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, upon which real property there has been located a dwelling or dwellings for not more than two families which has been used in whole or in part as a home or farm dwelling or which at

any time was or is now held as a homestead by the person who executed or assumed such mortgage or other instrument, or which has been held by such person as a home site, shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later."

It is admitted that all of the elements are present to entitle the defendant to the benefits of the statute if the real property involved therein did not have located upon it dwellings for more than two families. The trial court in its judgment entry found the following:

"The court heard testimony by respective parties and witnesses called in their behalf and being fully advised in the premises finds that the real property involved herein was a homestead for not more than two families; that the judgment herein involved was a deficiency judgment; that said defendant has set up the Statute of Limitations designated as §11663-1 GC, as a bar to said reviver of judgment; that the facts set forth by the parties hereto meet the requirements contained in said Code Section to bar recovery on said Deficiency Judgment * * *:"

We have examined the entire record in this case and are of the opinion that there is substantial evidence in the record to support the factual finding of the court. This being a law appeal we cannot substitute our judgment for the trial court under such circumstances. The record reveals that there is practically no dispute as to the character of the buildings located on the mortgaged premises. They consisted of two separate structures, one of which was a small frame building located near the edge of a river and which was used only by the family of the defendant as a summer cottage. It was neither plastered nor ceiled on the inside and had no heating or plumbing facilities. At either end of the living room was a semi-partition which did not reach to the ceiling, but which provided some privacy for the two sleeping rooms. After the close of the summer season it was used for storage purposes. The other building was located further from the river than the cottage and faced the highway. It consisted of three floor levels and a basement. Each of the floors were finished for one complete living apartment, but was never used as such during the time it was in the mortgagors' possession. It was originally built by the defendant for rental purposes for three families, but due to changed conditions the middle apartment and the top floor apartment were connected by means of an

opening in a partition into a hallway and it was then used as a home for the defendant and her family until she was evicted. The lower apartment was rented for approximately five months during the year 1931, after which it produced no income, a relative then being permitted to occupy it for a short time and at all other times being used by the defendant for storage purposes.

The appellant urges that the two apartments which had been connected by the opening in the partition and occupied by the defendant was in fact occupied by more than one family, since it consisted of the mother, two daughters, and a son, all of whom had reached the age of majority. We do not think that a family relationship is determined by the age of the members. Bouvier's Law Dictionary, 1934, Edition states that a family consists of those who live under the same roof with the "pater familias"; those who form his fireside.

In the case of Chicago & Northwestern Railway Company v. Chisholm, 79 Ill. 584, 587, the court held:

"A son or daughter of a parent residing with the parent, does not cease to be a member of the family when he or she respectively arrives at the age of twenty-one or eighteen from that fact alone. They must have ceased to reside with their parents in order to break the family relation."

See also Strawn v. Strawn, 53 Ill. 263; Koehler v. Gray, 102 Kans. 878.

We are, therefore, of the opinion that it may not be said as a matter of law that the two connected apartments were occupied by more than one family. Neither can it be said as a legal conclusion that the summer cottage was a dwelling for one family. Again referring to Bouvier's Law Dictionary, wherein it is said:

"A dwelling is the building in which a man with his family resides."

In other words, a dwelling is a place of residence. The word "residence" denotes something permanent and not merely temporary. Whether or not the cottage was a residence was a factual question to be determined from all the evidence submitted with relation to its construction, adaptability and use during the period covered by the mortgage. The same rule is applicable in determining the character of the units in the other building under consideration.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.

## ON APPLICATION FOR REHEARING

No. 2165.   Decided December 18, 1951.

### OPINION

By THE COURT:

This is an application for a rehearing in which we find nothing presented which had not previously been considered. The appellant is merely asking whether the type of the structure or the use to which it was put, shall be the determining factor in interpreting §11663-1 GC. We think this question was answered on page 4 of our opinion wherein we held that when the character of the building was not apparent from its construction, other factors may be considered in determining the question.

The application will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.