CITY OF PEORIA *et al.*

*v.*

ROBERT SIMPSON.

*Filed at Ottawa June 13, 1884.*

1. NEGLIGENCE—*due care on the part of the plaintiff.* In an action on the case against a city and the owner of premises in the city, to recover for an injury received from a neglect to keep the sidewalk in front of the premises in repair, the court instructed the jury that "when a city is vested, under the provisions of its charter, with the charge of its streets, roads, alleys and sidewalks, said city is bound to see that the same are kept in a reasonably safe state of repair; and such city is liable to parties injured by its negligence in so doing:" *Held,* that the instruction lacked the essential qualification that the plaintiff was, at the time of the injury, observing that due care and caution for his personal safety a reasonable person would do under the same circumstances.

2. SAME—*of joint and several liability—distinction in this regard between a trespass and a neglect of duty.* For separate acts of trespass separately done, or for positive acts negligently done, although a single injury is inflicted, the parties can not be jointly held liable to the party injured. If there is no concert of action, or no common intent, there is no joint liability. But a different principle applies when the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the injured party may have his election to sue all parties owing the common duty, or each separately, treating the liability as joint or separate.

3. SAME—*in the case sidewalks are out of repair—liability of the city and of the private owner of adjacent premises.* Where a duty rests upon both a city and the owner of premises within the city to keep the sidewalk in repair fronting the premises, and over an excavation, a failure to do so is a common neglect of duty, and both will be liable, either jointly or severally, to one injured in consequence of such neglect, who has himself exercised due care.

4. SAME—*in the case of leased premises—liability as between landlord and tenant.* The tenant in possession, and not the landlord, is responsible to third persons for injuries occasioned by a failure to keep the demised premises in repair, unless the owner has agreed to keep them in repair, or when the premises were let with the alleged nuisance upon them, in which case the owner, and not the tenant, is responsible for injuries caused by the nuisance.

5.  INSTRUCTION—*correcting an error in one by stating the true rule in another.*   The practice of giving an instruction which, standing alone, does not correctly state the law of the case upon the facts, and then giving a separate instruction which, if read with the other, would announce the true rule, is not to be commended, if it is not an error.   It is better that each instruction should be as nearly accurate as it can be made, in itself.

6.  SAME—*directing the jury as to extent of finding of damages.*   In an action to recover damages for a personal injury alleged to have been occasioned by the negligence of the defendant, the court instructed the jury, for the plaintiff, that if they found, from the evidence, the plaintiff had established his case, and was entitled to a verdict for damages, then it became their "duty to fix such damages at the full sum that upon the whole evidence" should "prove to be just and reasonable:" *Held,* that the instruction was calculated to create in the minds of the jury the belief that it was their duty, in case they found for the plaintiff, to fix his damages at the highest possible amount the evidence would justify, and that it was error to tell the jury, as a matter of law, that such was their duty.

7.  SAME—*suggesting what influences ought not to control as to extent of damages.*   In an action on the case against a city and another party, the court, in an instruction, told the jury that in forming an estimate of the damages sustained by the plaintiff, they had no right and should not permit themselves to be influenced by any consideration of what effect their verdict might have upon taxation in the case of the city, or upon his financial condition in the case of the other defendant: *Held,* that this was in no sense submitting a proposition of law to the jury, applicable to the facts, but a mere suggestion to them, which the court had no right to make.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Peoria county; the Hon. NINIAN M. LAWS, Judge, presiding.

Mr. GEORGE A. WILSON, for the city of Peoria:

Plaintiff's ninth instruction is bad beyond question.   It plainly tells the jury that no matter how negligent the injured party may have been, the city is liable to him in any event. *Lovenguth* v. *Bloomington,* 71 Ill. 238; *Village of Kewanee* v. *Depew,* 80 id. 109; *Armour* v. *McFadden,* 9 Bradw. 508; *City of Chicago* v. *Watson,* 6 id. 349.

The sixteenth instruction is erroneous in telling the jury that if they found for the plaintiff it was their duty to fix his

damages at the full sum the whole evidence proved to be just and reasonable. We deny that any court can instruct a jury to fix the damages at the full sum, etc. *Chicago and Northwestern Ry. Co.* v. *Chisholm,* 79 Ill. 583.

The ninth instruction should have been modified as follows, viz : "This is the law if the parties injured were at the time exercising reasonable care and prudence to avoid injury." *City of Chicago* v. *McGiven,* 78 Ill. 347 ; *Litchfield Coal Co.* v. *Taylor,* 81 id. 590 ; *City of Chicago* v. *Bixby,* 84 id. 82.

A correct instruction given for one side will not obviate an error in an instruction on the other side. *Illinois Linen Co.* v. *Hough,* 91 Ill. 63 ; *Quinn* v. *Donovan,* 85 id. 194.

Messrs. JACK & MOORE, for the appellant Densberger :

As a general rule the tenant in possession, and not the owner, is responsible for injuries received in consequence of a failure to keep the premises occupied, in repair. *Gridley* v. *Bloomington,* 68 Ill. 47 ; *Union Brass Manf. Co.* v. *Lindsay,* 10 Bradw. 583 ; *Fisher* v. *Thirkell,* 21 Mich. 1 ; *City of Lowell* v. *Spaulding,* 4 Cush. 237 ; *Milford* v. *Holbrook,* 9 Allen, 17 ; *Leonard* v. *Storer,* 115 Mass. 86 ; *Shipley* v. *Fifty Associates,* 101 id. 251 ; *Irvine* v. *Wood,* 51 N. Y. 224 ; *Bears* v. *Ambler,* 9 Barr, 153 ; *Painter* v. *Pittsburg,* 46 Pa. 213 ; *Clark* v. *Fry,* 8 Ohio St. 358 ; *Shindlebeck* v. *Moore,* 32 id. 264 ; *Payne* v. *Rogers,* 2 H. Blackf. 350 ; *Roswell* v. *Price,* 12 Mod. 635 ; *Rich* v. *Basterfield,* 4 Com. B. 783 ; *Russell* v. *Shenton,* 4 Eng. C. L. 449 ; *Bishop* v. *Bradford,* 1 E. & E. 697.; *Hadley* v. *Taylor,* L. R. 1 C. P. 53.

To this rule there are two exceptions : First, when the landlord has, by express agreement, covenanted to make repairs ; and second, when the premises have been let with a nuisance on them.

When there is no agreement as to who shall make repairs the burden is thrown on the tenant. *Gridley* v. *Bloomington,* 68 Ill. 47 ; *Gott* v. *Gandy,* 22 Eng. L. & E. 173 ; *Leavitt* v.

*Fletcher,* 10 Allen, 121; *Elliott* v. *Aiken,* 45 N. H. 36; *Estep* v. *Estep,* 23 Ind. 114; *City of Lowell* v. *Spaulding,* 4 Cush. 277.

If a tenant leases premises with a nuisance upon them, he does not become liable until notified of the existence of the nuisance. *Saxby* v. *Manchester R. R. Co.* 38 L. J. (N. S.) 153; 1 Washburn on Real Estate, (4th ed.) 542.

Even where the landlord contracts in his lease to make repairs, he can not be held liable to third persons until notified of the existence of the defect, for not being liable over to the occupant, he can not be liable to the third party, to whom the occupant is primarily responsible. *Norfleet* v. *Cromwell,* 64 N. C. 1; *Favrott* v. *Mettler,* 21 La. Ann. 220; *Coope* v. *England,* 27 Md. 14.

As to the joinder of parties, see *Parsons* v. *Winchell,* 5 Cush. 592; *Gray* v. *Boston Gas Light Co.* 114 Mass. 149; *Clark* v. *Fry,* 8 Ohio St. 358; *Bigelow Carpet Co.* v. *Bryant,* 131 Mass. 491; Dicey on Parties to Actions, 449; *Bard* v. *Yohn,* 26 Pa. St. 489; 2 Hilliard on Torts, 147.

Messrs. WORTHINGTON & PAGE, for the appellee:

The ninth of plaintiff's instructions is qualified by the defendants' second. All the law can not be repeated in each instruction.

There is nothing wrong in the sixteenth instruction. It is proper that the jury should find the full sum of damages that the evidence establishes. They have no more right to disregard the evidence, and find a less sum than it establishes, than they have to find a greater sum. *City of Ottawa* v. *Sweely,* 65 Ill. 434; *City of Chicago* v. *Jones,* 66 id. 349.

When the premises are out of repair when leased, the landlord, as well as the tenant, is liable, jointly or severally, for damages caused thereby. An unsafe cellar door, forming part of the highway, is a nuisance, and the landlord is liable for a nuisance existing when the property is let. *Stephani* v.

*Brown,* 40 Ill. 428; *Gridley* v. *City of Bloomington,* 68 id. 47; *Rex* v. *Pedley,* 1 A. & E. 825; *Owings* v. *Jones,* 9 Md. 108; *Anderson* v. *Dickie,* 1 Robt. 238; *Davenport* v. *Ruckman,* 37 N. Y. 568; *Irvin* v. *Fowler,* 5 Rob. 482; *Fisher* v. *Thirkell,* 21 Mich. 1; *Vedder* v. *Vedder,* 1 Denio, 257; *Rex* v. *Kerrison,* 3 M. & S. 526; Shearman & Redfield on Negligence, secs. 56, 361; Wood on Nuisances, sec. 269, p. 282; Dicey on Parties, 423; *Gandy* v. *Jubber,* 33 L. J. 151; *Nelson* v. *Godfrey,* 12 Ill. 20; Dillon on Mun. Corp. sec. 660.

Where a party suffers an injury from the concurring negligence of several, he may recover against all or either of them. 4 Wait's Actions and Defences, 710; *Barrett* v. *Third Avenue R. R. Co.* 45 N. Y. 628; *Lake* v. *Millikin,* 62 Maine, 240; *Colegrove* v. *New York R. R. Co.* 20 N. Y. 492; *Phelps* v. *Wait,* 30 id. 78.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action to recover for personal injuries, and was brought by Robert Simpson, against the city of Peoria and Magnus Densberger. It is averred in the declaration that defendant Densberger was the owner of the premises situated on Water street, in the city of Peoria, at the place where plaintiff was injured; that there was an opening into the cellar or vault in front of the premises, the covering to which constituted a part of the usual sidewalk; that the owner of the premises wrongfully and negligently permitted such opening to be and remain insufficiently and defectively covered, whereby the sidewalk was left in an unsafe condition; and that at that time, and prior thereto, the city was possessed of and had control of the sidewalk in front of the premises, and ought to have kept the same in good repair and safe condition. It is then further averred as a ground for recovery, that both defendants, well knowing the unsafe and dangerous condition of the sidewalk, wrongfully and neg-

ligently suffered the covering to such opening to remain in an insecure and unsafe condition, so that while plaintiff was passing over the sidewalk, in the observance of due care, it broke, and he fell through the opening, into the cellar or vault, and thereby sustained severe injuries, by which he became paralyzed in his back and arm. The declaration contains the usual averments as to the expenditure of large sums of money in the endeavor to be healed and cured. The second count contains an averment the covering to the opening was dangerous at the time the owner let the premises to the occupying tenant, and the condition of the covering at the time rendered the sidewalk dangerous, and that defendants had notice of its dangerous condition. The amended declaration contains an averment the opening was covered with a wooden door, of a height and length prohibited by an ordinance of the city, and that such doors were at the time, and prior thereto had been, a nuisance, and that the city had notice thereof. Separate demurrers filed by each defendant were overruled by the court, and thereupon pleas of not guilty were filed by each defendant. A trial was had before a jury, who returned a verdict finding the issues for plaintiff, and assessing his damages at $6000. Motions for a new trial and in arrest of judgment were severally overruled, and the court entered judgment on the verdict. That judgment was afterwards affirmed in the Appellate Court for the Second District. The case comes to this court on the appeal of the city of Peoria, and since then defendant Densberger has also assigned errors on the same record.

The point is made that no recovery, in any event, could be had against Densberger, because at the time the accident occurred the premises were in the possession of a tenant, with no obligation on the part of the owner to make repairs. The argument proceeds on the theory the owner had reserved no authority, and therefore could not enter to make the needed repairs. The rule of law on this subject, as stated by this

court in *Gridley* v. *Bloomington,* 68 Ill. 47, is, the occupant, and not the owner, is responsible for injuries occasioned by a failure to keep the premises in repair, unless where the owner has agreed to keep the premises in repair, or where the premises were let with the nuisance upon them. There is some evidence tending to show the owner was requested by the occupying tenant to make repairs, and agreed to do so. But whether that fact could impose any liability on the owner in the absence of an expressed contract to make repairs, need not now be considered. Evidence was given tending to show the premises were let with the nuisance upon them, and the jury may have so found. The authorities generally hold that in such cases the owner, and not the tenant, would be responsible for injuries that might be occasioned by the nuisance. It is for the reason the cause of the injury existed anterior to the letting, and the owner should have made the repairs. *Nelson* v. *Liverpool Brewing Co.* 2 C. P. Div. 311.

A question not entirely free from doubt is, can the owner of the premises and the city be held jointly liable for the injuries to plaintiff in the same action. It is said this question can not now be considered, for the reason defendants did not stand by their demurrers, the rule being familiar that a party may not at the same time plead and demur to the same pleading. It is also true any substantial defect in a declaration can always be taken advantage of by a motion in arrest of judgment, and that was done in this case.

It will be observed both defendants are charged with negligence as to the condition of the sidewalk that occasioned the injury to plaintiff, and why may they not be jointly liable in the same action? The owner is liable, if at all, because the premises were let with the nuisance upon them, and that liability, if any existed, continued, notwithstanding the possession of the tenant, and continued up to the time of the accident. On the hypothesis the city had notice, it was the duty of the municipal authorities to make repairs at and

before the injury to plaintiff. The same duty rested upon the owner and the municipality, at the same time, to make such repairs, and both may therefore be said to be guilty of negligence in respect to the same thing. Had the action been brought against the owner and the tenant, no doubt it could have been maintained had it been averred and proved both were under obligations to make repairs, and both were guilty of negligence in that respect. The averment is, it was the duty of both the owner and the municipality to repair the sidewalk, and both are charged with the omission of a common duty in that regard,—and what reason is there why they may not be joined in the same action? Undoubtedly the rule is, for separate acts of trespass separately done, or for positive acts negligently done, although a single injury is inflicted, the parties can not be jointly held liable to the party injured. If there is no concert of action—no common intent—there is no joint liability. This rule is very well settled by authority: Hilliard on Torts, sec. 10, p. 315; *Nav. Railroad and Coal Co.* v. *Richards*, 57 Pa. St. 142; Shearman & Redfield on Negligence, 58; *Bard* v. *Yohn*, 26 Pa. St. 482.

But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all parties owing the common duty, or each separately, treating the liability as joint or separate. A familiar case illustrating the principle is, where a person is injured by the falling of a party wall erected on the dividing line between two lots owned by different persons, the action is maintainable jointly against both owners. It is for the reason it was a common duty of both owners to make the repairs. Another instance is, where a passenger is injured by a negligent collision of the trains of two railroad companies, he may maintain one action against both. And

so it has been held an action may be maintained jointly against towns, where the law will authorize such an action, for an injury resulting from the insufficiency of a bridge which both towns are under an obligation to maintain. (*Klauder* v. *McGrath*, 36 Pa. St. 128; *Colegrove* v. *N. Y., B. N. and N. H. R. R. Co.* 6 Duer, 382; *Same* v. *Same*, 6 Smith, (N. Y.) 492; *Peckham* v. *Burlington*, 1 Vt. 34.) In *Bryant* v. *Bigelow Carpet Co.* 1 Mass. 491, it was held, where the negligent acts of two defendants combined to produce the injury to plaintiff, a joint action could be maintained against both negligent parties.

It will be seen the rule recognized rests on sound principle,—that is, where an injury results from the concurrent negligence of several persons, all being under a common duty to observe care, though that duty is separate with reference to that which causes the injury, all are jointly liable. Applying this principle to the case being considered, it would seem to be conclusive as to the point made the city and the owner are not jointly liable for the injury to plaintiff. If it shall be ascertained it was the duty of both the owner and the city to keep the sidewalk in repair, then the failure to do so was a common neglect, and the case comes precisely within the principle stated. Whether both or either party was under such duty, depends on facts to be found by the jury in the trial court.

As respects the point suggested whether the city could recover against the owner in case it was compelled to pay the judgment, is a question that does not affect the principle being considered. How the law may be on that subject need not now be determined. It is a question in which plaintiff can have no interest. As was said in *Bryant* v. *Bigelow Carpet Co. supra,* the question of their relative rights and liabilities will be left to future litigation or adjustment between defendants. It is enough that it appears both defendants may have been guilty of negligence in regard to that which

caused the injury to plaintiff, to enable him to maintain his action against them jointly.

Passing now to consider the instructions given by the court on the trial, it is seen by the ninth charge of the court given for plaintiff, the jury were told, "where a city is vested, under the provisions of its charter, with the charge of its streets, roads, alleys and sidewalks, said city is bound to see that the same are kept in a reasonably safe state of repair; and such city is liable to parties injured by its negligence in so doing." Standing alone, this proposition would not be the law as applicable to the facts of the case. It lacks the essential qualification the plaintiff was at the time observing that care and caution for his personal safety a reasonable person would do under the same circumstances. But it may be this defect was cured by the second instruction of the series given for plaintiff. In that charge the jury were told several propositions must be established by a preponderance of the testimony, or by the admission of defendant, before plaintiff could recover a judgment against both defendants, and that such limitations applied to all instructions given for plaintiff, whether especially expressed in each instruction or not. Then follow six distinct propositions, the first of which is as follows: "That the plaintiff was, at the time of the alleged injury, exercising the care and caution that a reasonable man would have exercised under all the circumstances." Could it be known this proposition was read in connection with the ninth instruction, both together would have been an accurate expression of the law. Of course this can not be known. Without intimating there is any prejudicial error in this mode of framing instructions, it may be properly said it is one not to be commended. It is too complicated to be submitted to a jury composed of men unaccustomed to considering such matters. It is far better each instruction should be as nearly accurate as it can be made, in itself. Omitting to read the qualifying charge in connection there-

with, many of the subsequent instructions might mislead the jury, to the prejudice of defendants.

It is thought the sixteenth instruction of the series given for plaintiff is so positively bad it was error to give it, and for which the judgment must be reversed. It partakes of the nature of an argument, and contains few, if any, elements of a proposition of law, and the effect could not have been otherwise than hurtful to the defence. It is also objectionable in manner of expression. By it the jury were told if they should find, from the evidence, plaintiff had established his case, and was entitled to a verdict for damages, then it became their "duty to fix such damages at the full sum that the whole evidence shall prove to be just and reasonable." The language in which this instruction is expressed is well calculated to create in the minds of the jury the belief it was their "duty," in case they found for plaintiff, to fix the damages at the highest possible amount the evidence would justify. It was error to tell the jury, as a matter of law, that such was their duty. (*Chicago and Northwestern Ry. Co.* v. *Chisholm,* 79 Ill. 584.) This form of expression may have induced the jury to find the extraordinary amount of damages they did. Again, by the latter clause of the same instruction the jury were told that in forming an estimate of the damages sustained by plaintiff they had no right and should not permit themselves to be influenced by any consideration of what effect their "verdict might have upon taxation in the case of the city, nor upon his financial condition in case of Densberger." This is in no sense submitting a proposition of law to the jury, applicable to the facts. At most it is a mere suggestion to them as to the consequences that might flow from their verdict that should not be considered in arriving at a conclusion, that it was not the province of the court to make to them. It is difficult to conceive of an instruction more mischievous in its effects or calculated to make a worse impression on the minds of the jury.

Other instructions may be faulty in some degree, but are not seriously defective. Such defects as appear can readily be avoided with more care on another trial.

The judgment of the Appellate Court will be reversed, and the cause remanded, with instructions to that court to reverse the judgment of the circuit court and remand the cause for a new trial.

*Judgment reversed.*