THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY ET AL.

v.

LAVINIA ROLVINK, ADMINISTRATRIX.

*Railroads—Personal Injuries—Obstructed Platform—Joint Use of Premises and Tracks—Liability—Pleading—Evidence.*

1.    A joint judgment for a personal injury can not be recovered against several railroad companies in the absence of some concert of action between them, or concurrent neglect of a common duty resting on all.

2. A declaration charging an injury to have been occasioned by a train owned and operated by several defendant companies, it clearly appearing that the same belonged to and was operated by one of them alone, is bad.

[Opinion filed April 3, 1889.]

APPEAL from the Superior· Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. GEORGE W. EASLEY, WILLIAM ARMSTRONG, OSBORN & LYNDE and W. O. JOHNSON, for appellants.

Mr. JOHN M. SOUTHWORTH, for appellee.

GARNETT, P. J. On 'and before June 10, 1886, Frank Rolvink was engaged in business in the village of Hegewisch, in Cook county. On the day named he came to his death under the following circumstances:

Early in the forenoon some freight belonging to him, was delivered by the Chicago & Atlantic Railway Company, at the station of the Chicago & Western Indiana Railroad Company in the village, and was left on the platform adjoining the station, as there was no freight house where it could be deposited. The platform was built by the Western Indiana company, and was used in connection with railroad traffic at that point, over the adjoining tracks of that company. The platform was narrow, and at the time of Rolvink's death, it is alleged that freight was piled thereon in such a manner that only a very contracted space next to the railroad track was left, making passage thereon dangerous. Rolvink took away one load of his goods, and having returned for another, while passing along the space described, on the platform, was struck and killed by the pilot beam of a train of the Louisville, New Albany & Chicago Railway Company running over the track of the Western Indiana company. The last named company owned the railroad, station house and platform, but operated no trains over the road. It had granted to the Atlantic company the privilege of using the station and platform, and operating its trains over the road, and

that company was then using the road, station and platform
for its railroad business.  The New Albany company had
also received from the Western Indiana company a grant of
the right to run its train over the track by the station, but
not the use of the station or platform, and, in fact, it made no
use of and had no control over either.  Appellee sued the
three companies, and recovered against them jointly a judg-
ment of $3,000 for causing Rolvink's death, from which the
defendants all appeal.

A joint judgment can not be sustained unless there was
some concert of action between all of the defendants, or con-
current neglect of a common duty resting on all.  City of
Peoria v. Simpson, 110 Ill. 294; 2 Hilliard on Torts, 248;
Bard v. Yohn, 26 Pa. St. 482.  There can be no well founded
claim that there was common design or concert of action
between the three defendants.  And the record is just as
destitute of evidence that there was concurrent neglect of
a common duty.  The New Albany company had nothing to
do with the station or platform, it had no agent or employe
there, had no part in the management or control thereof,
and derived no benefit therefrom.  The station and others
in charge there were not in its employ, and had it under-
taken to give them orders, the other companies might justly
have resented such action as impertinent intrusion.  The evi-
dence wholly fails to connect the New Albany Company so as
to make it jointly liable with the other defendants.  But
from what is here said no inference is to be drawn that it
would not be separately liable if the evidence sufficiently estab-
lished that it was guilty of negligence which caused Rolvink's
death, although he may have been killed on the platform
under circumstances that would also make the other defend-
ants responsible.

We are not prepared to say that a joint judgment against
the Western Indiana and Atlantic companies could not be
sustained.  If the station and freight agent was employed by
both companies to perform the same duties, there can be no
doubt that he was their joint agent to that extent, and if in
the performance of such duties he was guilty of neglect caus-

ing Rolvink's death, the joint liability follows. The act of the agent in the performance of his duties is as indivisible as the human will that sets him in motion. Stone v. Dickinson, 5 Allen, 29.

The declaration is faulty in charging that the deceased was killed by a locomotive and train of cars used and operated by the defendants. The fact is undisputed that the train was the property of the New Albany company, and it alone was using and operating the same. In this respect the plaintiff should have leave to amend her declaration, on the re-docketing of the cause in the court below.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

GARY, J., took no part in this case.