## Ethel Birch, by next friend, v. Charleston Light, Heat & Power Company, et al.

1. SIDEWALK—*duty of municipality with respect to.* While it is true that a municipality has a discretion in determining how much of a street shall be devoted to the use of horses and vehicles, and is not bound to prepare and maintain in a reasonably safe condition for travel the full located width of the street, yet, if a hole is so near to the travelled path, although outside thereof, that combined with the ordinary accidents of travel it is liable to result in injury to passers-by while driving, riding bicycle, or walking, such municipality would be liable for injuries resulting.

2. SIDEWALK—*right of passer-by to assume safe condition of.* Where a person travelling along a street does not know, and has no reason to believe, that it is out of repair, he has a right to assume that the municipality has performed its duty to keep at least the portion thereof devoted to travel in a reasonably safe condition of repair, and where a municipality has exercised its discretion and determined to devote less than the full located width of the street to travel, the portion lying between such part and the remainder should in some way be so indicated as to be prominent to a person using the street.

3. CAUSE OF ACTION—*when, joint.* Where an injury is the result of the neglect to perform a common duty resting upon two or more persons, although there may be no concert of action between them, the party injured may have his election to sue all parties owing the common duty, jointly.

4. NOTICE—*when municipality deemed to have, of condition of sidewalk.* Where a defect in a sidewalk has existed for a long time, the municipality or other person whose duty it is to remedy such defect, is presumed, in the exercise of ordinary care, to have had notice thereof.

5. MOTION TO INSTRUCT—*when, should not be granted.* A motion to instruct peremptorily should not be allowed, unless the evidence with all the inferences which the jury might reasonably draw therefrom is insufficient to sustain the verdict.

Action on the case for personal injuries. Error to the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in

this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

JAMES W. and EDWARD C. CRAIG and WILLIAM H. CRUM, for plaintiff in error.

S. S. ANDERSON and H. A. NEAL, for defendants in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case, brought by the plaintiff in error, by her next friend, against the defendants in error, to recover damages for injuries sustained by the plaintiff as the result of the alleged negligence of the defendants in permitting a hole to remain in a certain street in the City of Charleston. At the close of all the evidence, the court, on motion of the defendants, excluded all the evidence in the case from the jury, and directed them to return a verdict of not guilty. Judgment was entered on the verdict in bar of the action, and for costs of suit. The plaintiff thereupon sued out this writ of error.

The material facts involved, which may be more readily comprehended by reference to the following plat in evidence, are substantially as follows:

The accident in question occurred on the evening of August 26, 1902, at the intersection of Monroe and Thirteenth streets, in the City of Charleston. The center of Monroe street was paved to a width of thirty feet, with an approach on the south side of the street at the intersection of Thirteenth street, which approach was about twenty-five feet wide at the sidewalk. Along the sides of the paved portion of the street was a curbstone six inches above the pavement. The pavement on Monroe street was ten inches

lower than the sidewalk, and the paved approach on the south side of Monroe street gradually sloped until it reached the sidewalk. The curbstone, which curved around the corner, was either missing or was below the surface so that it could not be seen, and the approach was on a level with the ground. Thirteenth street was unpaved, but the curbstone referred to curved around the corner and ran south on Thirteenth street at a distance of four feet from the line of the sidewalk on the east side of the street. Between the sidewalk on the south side of the street and said curbstone was a space eight feet in length, north and south, and four feet in width, east and west, upon which grass was growing. Some three weeks prior to the accident, the defendant in error, the Power Company, had removed from within this space an electric light pole, leaving a hole, which was filled up at the time. Subsequently the dirt sank down so as to leave a hole about six inches in depth and about eighteen inches in diameter, which abutted against the sidewalk on Monroe street and was from six inches to three feet from the curbstone on the west side.

At about 6:45 o'clock on the evening of the accident, plaintiff in error, who was a girl of the age of sixteen years, rode a bicycle from the west on Monroe street, turned in on Thirteenth street, and rode slowly up to the approach on Thirteenth street, diagonally in a southeasterly direction. The front wheel of the bicycle ran into the hole referred to, and she was thrown violently to the ground and injured.

Counsel for defendants in error have urged and argued in this court the following questions only: First, do the facts show a joint cause of action against defendants in error? and second, was the defect in the highway complained of, in the part of the highway required to be kept in repair for travel by the City of Charleston? They contend that, under the law, both of these questions should be answered in the negative, and that it was therefore the duty of the court to instruct the jury to find for the defendants.

Birch v. Charleston Light, Heat & Power Co.

Thompson in his Commentaries on the Law of Negligence (section 1228) says: " Within the meaning of the foregoing rule the traveler may recover damages of the owner or occupier of premises, who, without fault on his part, has fallen into a hole abutting the highway, or in dangerous proximity to it, *as for instance within fourteen inches of it.* * * * The same rule extends to *municipal corporations* in respect to their liability for damages arising from their failure to repair the highways.    These bodies are not ordinarily bound to make repairs outside the traveled path; *but a plain exception to this rule exists where there are excavations or obstructions outside the traveled path, and so near thereto that, combining with the ordinary accidents of travel they are liable to result in an injury to the traveler.*    Here the corporation must remove the obstruction or protect the traveler from it by suitable barriers, or pay any resulting damages."

In Elliott on Roads and Streets (sec. 621) the author says: " It would seem, on principle, that where a city has once made a street, and leaves it open to the public through its entire width, the whole of it must be kept in repair.    Some of the courts have drawn a distinction between highways situated in different parts of the same city, holding the city bound to keep in repair the entire width of those in the closely built-up portions of the city, and only a part of the width in the suburbs, where it is sparsely settled."

The evidence discloses that the hole in question was eighteen inches in diameter and six inches deep; that it was within a few inches of the sidewalk on Monroe street, and two or three feet from the sidewalk on Thirteenth street; that the intersection of the streets was in a thickly populated and much traveled portion of the city; that the streets and sidewalks were used daily by many people, and that the plot where the hole existed was frequently used by the public in " cutting across the corner."

While it is true that the city had a wide discretion in determining how much of the street should be devoted to the use of horses and vehicles, and was not bound to prepare

and maintain in a reasonably safe condition for travel the full located width of the street, yet if the hole was so near to the traveled path, although outside thereof, that, combined with the ordinary accidents of travel, it was liable to result in injury to passers-by, whether driving, riding bicycles or walking, the city would be liable for injuries resulting from its presence.

Whether, or not such state of facts existed in this case was a question of fact for the determination of the jury. The evidence tends to prove that the space or plot was a part of the street, and although separated from the roadway proper by a curbstone, the curbstone, at the place of the accident, was sunk below the surface of the ground so as to be invisible, rendering it difficult, if at all possible, for the plaintiff in error, at dusk, to distinguish the line between the roadway and the plot. Where a person traveling along a street does not know and has no reason to believe that it is out of repair, he has a right to assume that the city has performed its duty to keep at least the portion of a street devoted to travel in a reasonably safe state of repair. City v. Smithers, 6 Ill. App. 470; City v. Burhyte, 173 Ill. 553. And where the city has exercised its discretion and determined to devote less than the full located width of a street to travel, the border line between such part and the remainder should, in some way, be so indicated as to be apparent to a person using the street. Otherwise the only safe course for a traveler would be to keep in the exact middle of the road, and to deviate or depart therefrom would be at his peril.

We think the facts show a joint cause of action against the defendants in error. In City of Peoria v. Simpson, 110 Ill. 294, it was held that where an injury is the result of neglect to perform a common duty resting upon two or more persons, although there may be no concert of action between them, the party injured may have his election to sue all parties owing the common duty, jointly.

" A telephone or telegraph company using a highway is under a duty to exercise care to prevent injury to persons

using the highway. A license from a municipal corporation to use the way does not relieve the company from that duty, but, on the contrary, the acceptance implies the duty on the part of the electric company to exercise care and diligence to prevent injury to persons using the highway." Elliott on Roads and Streets, sec. 821. " A company using the streets of a municipality is its licensee, and the municipal authorities are charged with the duty of exercising ordinary care to see that such licensees do not, by negligence, make the streets unsafe for persons making a lawful use thereof, and, in the using, exercise ordinary care and prudence." Ibid., sec. 824.

Upon the removal of its pole by the Power Company, it became its duty to properly fill the hole occasioned thereby and to see that thereafter it remained filled so as not to render the street unsafe. Such duty remained and continued until fully performed. It cannot be said that it was fully performed when the hole was filled up and that the sole duty of caring for it thereafter devolved upon the city alone. While the duty of the city was broader, for the reason that it would be liable for a defect in the street by whom or whatever created or caused, this fact in no way relieved the Power Company. A common duty rested upon both to see that the consequences of the act of the Power Company did not, or would not in the future, make the street unsafe for persons lawfully using the same. Therefore, if any liability existed at all, the defendants were jointly liable for the injuries to the plaintiff in error.

The evidence tended to show further that the defect has existed for such length of time that the defendants in error could have been presumed to have had notice thereof in the exercise of ordinary care; that plaintiff in error was in the exercise of ordinary care for her safety, and was not at the time violating or attempting to violate any or either of the city ordinances in evidence; all of which questions should have been submitted to the jury.

Where a motion to instruct the jury to return a verdict for the defendant is made at the close of all the evidence

in the case, and allowed by the court, it must be that the evidence, both for plaintiff and defendant, with all the inferences which the jury might justifiably draw therefrom, is not sufficient to support a verdict for the plaintiff, if one should be returned. Foster v. Wadsworth, 168 Ill. 517; McGregor v. Reid, 178 Ill. 471.

The court erred in peremptorily instructing the jury to find for the defendants, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*