BOARD OF COUNTY COMMISSIONERS OF WARREN
COUNTY ET AL. *v.* SHURTS, ADMX.

*Negligence — Joint tort — Parties owing common duty may be joined as defendants, when — Failure to protect abutment to bridge — County commissioners and municipality may be joined, when.*

1. If an injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them, a person injured may elect to sue all parties owing the common duty, or each separately, treating the liability as joint or separate.

2. A board of county commissioners may be joined with a municipality in an action for wrongful death resulting to a pedestrian by falling off a sidewalk of a public street which formed an abutment to a county bridge which was not protected by guardrails as required by Section 7563, General Code.

(Decided December 20, 1918.)

ERROR: Court of Appeals for Warren county.

*Mr. Robert J. Shawhan* and *Mr. Dean E. Stanley,* for plaintiffs in error.

*Mr. Thorne Baker* and *Messrs. Eltzroth & Maple,* for defendant in error.

SHOHL, J. On the night of April 3, 1916, Joseph B. Shurts, plaintiff's intestate, was returning to his home in South Lebanon, Warren county. His way led across the bridge over the Miami river. After crossing the bridge he walked to the sidewalk on the west side of Main street, at a point where the sidewalk joins the bridge abutment and forms part of the approach to the bridge. He fell off the abutment to the bank of the river, a distance of about twenty feet, thus receiving the injuries which caused his death.

His administratrix brought suit joining the village of South Lebanon and the county commissioners of Warren county as defendants. The court overruled demurrers for misjoinder, and also a general demurrer, whereupon the defendants filed separate answers denying negligence on the part of each defendant and alleging negligence on the part of decedent. The trial resulted in a verdict in favor of the plaintiff and against both defendants, and judgment was entered on the verdict against both defendants, who now prosecute error.

. Defendants rely upon three specifications of error. The first is that the petition is defective because of the manner in which it alleges that the defendants were negligent in not maintaining guardrails or other safeguards. The intent of the petition is clear, and, in view of Section 11345, General Code, this assignment of error need not be further discussed.

The second assignment of error is in regard to the alleged misjoinder of the defendants, who contend that the petition only makes out a case of omission to perform a duty owed by each defendant separately.

Each of the defendants owed a duty to the public in respect to protection at the abutment, which was a public street and also the approach to the county bridge. Section 7563, General Code, prescribes the duty of the county commissioners as to guardrails; and Section 7565, General Code, provides that a failure to comply with the two prior sections shall render the county liable for all accidents or damages resulting from such failure. The obligation of the village is set out in Section 3714, General

Code, which requires council to keep open, in repair and free from nuisance streets and sidewalks, public grounds, bridges, etc., within the corporation. There is no express mention of guardrails, but the authorities show that under the circumstances of this case, where the sidewalk is maintained along the edge of an embankment twenty feet high, the village owed a duty to protect pedestrians by a guard. *Cavey* v. *Cincinnati,* 12 C. C., N. S., 285; *Wiggin* v. *St. Louis,* 135 Mo., 558; *Baldwin* v. *Springfield,* 141 Mo., 205; *Oklahoma City* v. *Meyers,* 4 Okla., 686; *O'Malley* v. *Borough of Parsons,* 191 Pa. St., 612; *Clark* v. *Richmond,* 83 Va., 355; *Prather* v. *Spokane,* 29 Wash., 549; *Biggs* v. *Huntington,* 32 W. Va., 55; *Alger* v. *Lowell,* 3 Allen (85 Mass.), 402; *Davis* v. *Hill,* 41 N. H., 329; *Higert* v. *Greencastle,* 43 Ind., 574; *Palmer* v. *Andover,* 2 Cush., 600; *City of Lincoln* v. *Beckman,* 23 Neb., 677; *Drew* v. *Sutton,* 55 Vt., 586, and 1 Thompson on Negligence, Section 1228.

It appears, therefore, that there was a breach of duty by each of the defendants in respect to the guarding of the abutment.

The conflict of judicial opinion on the subject of joint tort is set out in 1 Cooley on Torts (3 ed.), 246, 247. In some cases it has been stated that where separate acts are committed by separate persons, although a single injury is inflicted, the parties can not be held jointly liable to the person injured. The rule has never been followed to that extent in this state.

In the case of *The Cincinnati Street Railway Co.* v. *Murray, Admx., et al.,* 53 Ohio St., 570, a street railway and a steam railroad were successfully

joined by a plaintiff injured in a collision between the two. In *Hales* v. *Michigan Central Rd. Co.,* 200 Fed. Rep., 533, 538, the circuit court of appeals for the sixth circuit speaks of such a case as involving a joint tort.

That rule has been followed by this court in the case of *Kopp* v. *B. & O. S. W. Ry. Co.,* 6 C. C., N. S., 103, which case was affirmed by the supreme court; and in *The Cincinnati Traction Co. et al.* v. *Wynne, Gdn.,* 25 C. C., N. S., 49. See also *Chicago, Rock Island, etc., Ry. Co.* v. *Martin,* 178 U. S., 245, 248.

However, there are cases in Ohio holding where separate acts of negligence are committed by separate parties without concert of action, they could not be joined in one suit. An illustrative case is *Heils* v. *The Cincinnati Traction Co.,* 14 C. C., N. S., 384, where the city was charged with negligently maintaining a hole in the street and failing to maintain proper lights, and the traction company with stopping at an improper place. That decision is in accord with the determination of the supreme court in *The Village of Mineral City* v. *Gilbow et al.,* 81 Ohio St., 263. There an action was brought against a lot owner and the village jointly. It was charged that the lot owner maintained a dangerous pit on his premises, which encroached upon the sidewalk, and that he negligently failed to guard same by barrier, light or other precaution. The charge against the village was that it knowingly permitted the sidewalk to be in a dangerous condition. There is no charge of any breach of duty which both owed.

In the case at bar both defendants did owe the duty to maintain a guard. Each violated the same duty which they owed in common to plaintiff's intestate. The supreme court in the *Mineral City case, supra,* cites the decision of *City of Peoria* v. *Simpson,* 110 Ill., 294, saying that the court there states the law very correctly and concisely. The Illinois court, after stating that a joint action can not be brought for merely concurrent negligence, says, at page 301:

"But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all parties owing the common duty, or each separately, treating the liability as joint or separate."

The operation of the rule is illustrated in the cases of the falling of a party wall, of a collision between trains of two railroads, and of the failure of two towns to maintain a bridge which both are under obligations to maintain. See *Klauder* v. *McGrath,* 36 Pa. St., 128; *Colegrove* v. *N. Y. & N. H. Rd. Co.,* 20 N. Y., 492; *Peckham* v. *Burlington & Colchester,* 1 Brayton (Vt.), 134; *Matthews, Admr.,* v. *Sea Board Air Line,* 67 S. C., 499; *Ripley* v. *Bd. of Ch. Freeholders,* 40 N. J. L., 45, and *Birch* v. *Charleston L., H. & P. Co.,* 113 Ill. App., 229.

In the case of *Matthews* v. *Delaware, Lackawanna & Western Rd. Co. et al.,* 56 N. J. L., 34, the court, at page 36, states the rule as follows:

"If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any or all of the tort-feasors may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then, although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort-feasors are subject to a like liability."

The supreme court of Ohio at the time the *Mineral City case* was decided would have apparently acquiesced in the first sentence, even though some qualification would have been added to the second.

The court is of the opinion that this case falls within the rule of neglect to perform a common duty resting upon two or more persons, and that the joinder of defendants was not improper.

We come now to the third assignment of error. At the request of the defendants below the court submitted two questions to the jury which were answered by them in writing:

"Question No. 1. Did Joseph B. Shurts know the conditions existing at the point where the sidewalk on the west side of Main Street in South Lebanon, Ohio, connects with the south end of the bridge mentioned in the petition on the 3rd day of April, 1916, before he received any injuries?

"Answer: Yes.

"Question No. 2. Could Joseph B. Shurts on the night of April 3, 1916, have gone in safety from

the bridge mentioned in the petition to his home without crossing to the west side of said Main Street in South Lebanon?

"Answer: Yes."

Plaintiffs in error urge that the answers to the questions are inconsistent with the general verdict and that under Section 11464, General Code, the judgment should have been for the defendants.

The particular questions of fact contemplated by the statute are those the answers to which will establish ultimate and determinative facts, and not such as are only of a probative character. (*Schweinfurth* v. *C., C., C. & St. L. Ry. Co.*, 60 Ohio St., 215, and *Hay* v. *Union Sav. Bank et al.*, 16 O. D., N. P., 767.) The findings in this case under the foregoing rule appear to be evidentiary and not determinative.

Judgment will not be rendered on special findings of fact as against the general verdict unless such special findings are irreconcilable with the general verdict. *The Board of Commissioners of Mercer County et al.* v. *Deitsch et al.*, 94 Ohio St., 1.

If in this case the decedent had intentionally, and without reason therefor, subjected himself to obvious risks of such a character that no person of ordinary care and prudence would have incurred, the verdict against the defendants would not be permitted to stand.

There is no bill of exceptions in the case at bar, and there is nothing to show either that the decedent intended to walk on the sidewalk or that he knew that he was walking there. There is nothing in the record to show but that he had some

reason for walking there, even if he went there intentionally. It might be that he had a reason which the jury thought sufficient to bring his conduct within the standard required by law.

It follows that the judgment of the court below should be affirmed.

*Judgment affirmed.*

JONES, P. J., concurs.

HAMILTON, J., not participating.