---

# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

No. 782

DAVIS, Dir. Gen. Rys., v. BRECKLER, Exrx.

Ohio Appeals, 1st Dist., Hamilton County
Decided July 10, 1922

225. CHARGE TO JURY—1. Special requests that rate of speed is not evidence of negligence, held properly refused.

2. Interrogatories must go to ultimate and not probative facts.

991. RAILROADS — 1. Public knowledge that trains operate in populous district at 75 mile rate does not relieve from liability for such speed rate.

2. Duty of one approaching railroad crossing to make stopping, looking and listening effective.

CUSHING, J.             Epitomized Opinion
Published Only in Ohio Law Abstract

Arthur Breckler, a chemist, while driving an automobile in Cincinnati, was struck by a C. C. C. & St. L. Ry. train and killed. The negligence charged against the railroad was that the train was being operated at a high and excessive rate of speed; that no warning was given by the engineer; that there were no gates or watchman at the crossing; and that the signal bell at this point did not ring. Evidence tending to show that the train was being operated at a high rate of speed at the time of the accident. The defendant requested the court to submit the following interrogatories, which was refused. (1) Could the decedent, had he looked in the direction from which the train was approaching, or had he listened, immediately before driving on the crossing, have seen or heard the train in time to have avoided being struck by it? (2) Could the decedent, after he reached the street . . . and before driving upon the railroad track, have seen or heard the approaching train had he looked or listened? (3) If you answer question 2 in the affirmative, then state whether the approaching train was so near the crossing as to make it apparently dangerous for decedent to attempt to cross at that time.

A verdict was rendered for the plaintiff in the sum of $15,000. Error was prosecuted. In affirming the judgment, the Court of Appeals held:

1. A railway company is not authorized to so operate its trains through a populous district at a high rate of speed, up to 75 miles an hour, for such a length of time that the public would be bound to take notice that trains would be operated at that rate of speed, and accordingly it is not error for the court to refuse to charge the jury to the effect that they should determine that such a rate of speed at that particular location was not evidence of negligence.

2. Persons are bound to use ordinary care for their own safety, and it is the duty of one approaching and crossing a railroad track to look and listen for approaching trains at such time and place as will make his looking and listening effective.

3. It is not error for the trial court to refuse to submit to the jury special interrogatories which are only of probative character, the answers to which will not establish ultimate and determinative facts.

Attorneys—Harmon, Colston, Goldsmith & Hoadly and H. N. Quigley, for Davis; Freiberg & Geoghegan and John M. Renner and Lawrence Williamson, for Breckler.

---

No. 793

HELWICK v. DAMM

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5263. Decided Oct. 6, 1924

101. ASSAULT AND BATTERY—Verdict of $2,500 held excessive, no permanent injury resulting.

SULLIVAN, J.            Epitomized Opinion
Published Only in Ohio Law Abstract

Damm brought an action against Helwick for an assault by one Burns, who was superintendent of a building in Cleveland, which was owned by Helwick, the defendant. For a long time prior to the day of the assault there had been an unfriendly feeling between Damm and Helwick. Damm went to see Helwick and during the course of a conversation Damm also had an altercation with Burns.

Later in the day Damm came back to Burns's office and Burns struck him in the face. When going out of the building Damm met Helwick and the former claims that Helwick admitted that he had instructed Burns to assault him. Damm also claimed that in the first quarrel Helwick had ordered Burns to throw him out of the building. These charges were denied by Helwick. The jury returned a verdict for $2,500 in the Municipal Court, whereupon error was prosecuted. In reversing the judgment, the Court of Appeals held:

1. That the verdict of the jury was excessive, as no permanent injury was sustained by Damm.

Attorneys—White, Brewer & Curtiss, for Helwick; Boyd, Cannon, Brooks & Wickham, for Damm; all of Cleveland.