OYLER & OYLER, PARTNERS, D. B. A. CHAS. C. OYLER
& SON, v. THE LOUISVILLE & NASHVILLE
RD. CO. ET AL.

*Railroads—Damages for delay of interstate shipment—Interme-
diate carriers cannot be joined without initial carrier,
when.*

The initial carrier not being made a party defendant in a
common-law action in tort to recover damages for de-
layed shipments of freight, interstate in character, it is
not proper to join intermediate or connecting carriers as
for a joint tort.

(Decided June 18, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. H. E. Hightower*, for plaintiffs in error.
*Messrs. Harmon, Colston, Goldsmith & Hoadly*,
for defendants in error.

HAMILTON, J. Plaintiffs in error, who were
plaintiffs below, brought their action against the
defendants in error, defendants below, two inter-
mediate carriers and a delivering carrier, for a
joint tort.

The petition recites that the Agricultural Prod-.
ucts & Warehouse Company shipped from Patter-
son, Georgia, 700 crates of sweet potatoes, con-
signed to its order at Cincinnati, Ohio, with in-
structions to notify plaintiffs, of which shipment
the plaintiffs thereafter became the owners. It
recites that the Louisville and Nashville Railroad
Company delivered the shipment in Cincinnati on
May 24, 1920, and that while the car was in the

possession of the defendant Louisville & Nashville Railroad Company plaintiffs gave said defendant instructions to divert the car to Detroit, Michigan. It recites that the Louisville & Nashville Railroad Company failed and neglected to promptly carry into effect such diversion, and that, after the car was diverted and delivered to the defendant, Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, the defendants, Cleveland, Cincinnati, Chicago & St. Louis Railroad Company and Michigan Central Railroad Company delayed the movement of said car to its destination; that in the usual course of freight transportation from Cincinnati to Detroit the car should have been delivered in Detroit on the morning of May 26, 1920, but was not delivered until the morning of May 30, 1920.

The petition further alleges that the shipment was in good, sound, merchantable condition when delivered to defendants, but arrived at destination in a damaged condition, and charges that the delay resulted in a loss of $1,325.

It will be noted that the initial carrier is not a party to the action.

One of the defendants, the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, filed a demurrer to the petition, on the ground that there was a misjoinder of parties and misjoinder of causes of action.

The defendant Michigan Central Railroad Company filed a motion to set aside the service and quash the summons as to it.

The court below sustained the demurrer and granted the motion. The plaintiffs declining to

plead further, judgment was entered in favor of the defendants.

The question here is as to the correctness of the ruling of the trial court on the demurrer and the motion.

It is conceded that if the court below was correct in its ruling upon the demurrer, then the motion to set aside the service should have been granted.

The question of law presented for determination is: Where an initial carrier is not a party defendant is it proper to join intermediate or connecting carriers in tort for delayed shipments? The Carmack Amendment (Section 8604a, U. S. Comp. Stats.; Section 7976, Barnes' Fed. Code) to the Interstate Commerce Act is intended to provide a shipper with a right of action against the initial carrier, relieving the shipper from the task of discovering the carrier or carriers whose negligence caused the loss or may have been responsible for the delay. This amendment deals with and modifies the common-law liability only as to the initial carrier, leaving the relation of all connecting carriers to the shipper or consignee entirely unaffected. *Oregon-Washington Rd. & Navigation Co.* v. *McGinn,* 258 U. S., 409.

The action in this case being, therefore, the common-law action for negligence, the decision rests upon the rights of the plaintiffs to join the several defendant carriers as for a joint tort.

Plaintiff in error relies largely on a citation from the text of 10 Corpus Juris, pages 553, 554 and 555, wherein the rule is pronounced:

"If damages to a shipment result from the negligence of each of several carriers over whose line

the shipment passes, they may be sued jointly or severally for loss or injury, although there is no privity between them.''

If this is a proper rule, undoubtedly the petition is good as against demurrer.

We have carefully examined the authorities cited in the briefs, and many others, and are unable to arrive at the conclusion that the rule stated above in the text of Corpus Juris is the correct rule. While some of the cases cited by the author tend to bear out the rule stated, the facts in the cases, so far as we are able to ascertain the same, do not justify the broad rule laid down.

The shipment involved is interstate in character, and the decisions of the Supreme Court of the United States, if not controlling, must be given great weight.

In the case of *Pratt* v. *Grand Trunk Ry. Co.*, 95 U. S., 43, it was held:

"The liability of an intermediate common carrier for the safety of goods delivered to him for carriage is discharged by their delivery to and acceptance by a succeeding carrier or its authorized agent.''

This case was followed by several later decisions, the latest of which is *Oregon-Washington Rd. & Navigation Co.* v. *McGinn, supra,* in which the court says, at page 413:

"The settled federal rule is that, in the absence of statute or special contract, each connecting carrier on a through route is bound only to safely carry over its own line and safely deliver to the next connecting carrier, *Myrick* v. *Michigan Central R. R. Co.*, 107 U. S., 102, 107; *Railroad Co.* v. *Mfg. Co.*, 16 Wall., 318, 324, and the liability of a

connecting carrier for the safety of property delivered to it for transportation, commences when it is received and is discharged by its delivery to and acceptance by a succeeding carrier, or its authorized agent. *Pratt* v. *Railway Co.*, 95 U. S., 43."

We, therefore, have the decided rule that each of the defendant companies could be liable only for negligence occurring on its own line, liability for the safety of property being discharged by its delivery to and acceptance by the succeeding carrier.

There is no charge in the petition of any particular delay on the lines of each of the defendant carriers. The charge is that all delayed the shipment, resulting in the car not arriving at destination promptly, thereby causing damage to the goods.

If the defendant Louisville & Nashville Railroad Company's obligation ceased under the rule upon the delivery to the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, how may it be connected with the negligence of the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company? The leading case in Ohio upon liability for joint tort is *City of Mansfield* v. *Bristor*, reported in 76 Ohio St., 270. In that case numerous parties were discharging sewage into a stream. The sewage intermingled and resulted in damage to the plaintiff. The court held that while the acts of each may have contributed to bring about the result complained of, the acts of the various parties were several and not joint, the rule being that there is no joint liability for damages where there is no common design or concert of action, and that

each is liable only for his proportion of the damages. This rule, it seems, would apply with more force in the case under consideration than in the case of *City of Mansfield* v. *Bristor*. In the case under consideration we have the situation of a connecting carrier receiving goods and discharging its obligation by delivering to the next connecting carrier, which receives the goods and discharges its obligation by delivery to the next succeeding connecting carrier. It would seem clear that there being no common design, nor concert of action, each would be liable only for its proportion of the damage occurring on its own line. That this might work a hardship in some cases is answered by the provision of the Carmack Amendment to the Interstate Commerce Act, which relieves the shipper of the hardship of seeking out the carrier responsible for the damage, by giving him the right to sue the initial carrier alone.

Plaintiffs in error in the brief also urge that the case of *Commissioners of Warren Co.* v. *Shurts, Admx.*, 10 Ohio App., 219, upholds their contention. In that case the decision was based entirely upon the principle that where two parties owe a common duty, and by their common omission the party is injured, the tort is joint. In that case the county commissioners constructed a bridge and an approach to the bridge, and, under the statute of Ohio, were required to protect the approach by suitable guard rails. The village of South Lebanon constructed a sidewalk upon the approach, which was at a dangerous height, without guard rails, and invited the citizens of the village to use the walk, unprotected as it was. The village and the county owed the common duty

to place suitable guard rails at the same place. Each omitted to discharge that duty. In the case under consideration, as heretofore stated, the liability of each connecting carrier ceased on the delivery to its connecting carrier. Under the rule the liability was several and not joint.

See also *Bello* v. *City of Cleveland*, 106 Ohio St., 95.

It follows that the several defendants were improperly joined and the court did not err in sustaining the demurrer to the petition.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.